**FINANCIAL HOLDING CORPORATION,**
Plaintiff,

v.

**GARNAC GRAIN COMPANY,**
Defendant.

No. 88–0564–CV–W–9.

United States District Court,
W.D. Missouri, W.D.

June 21, 1989.

Gage & Tucker, Major W. Park, Jr., Bernard J. Rhodes, Kansas City, Mo., for plaintiff.

Ronald C. Spradley, Spradley & Riesmeyer, Kansas City, Mo., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

BARTLETT, District Judge.

On March 24, 1989, plaintiff filed a motion for leave to file a first amended complaint. Defendant filed its opposition to plaintiff's motion on March 30, 1989. Plaintiff filed its reply on April 10, 1989.

Plaintiff argues that leave to file an amended complaint should be granted pursuant to Rule 15(a), Federal Rules of Civil Procedure, which provides that leave to amend the pleadings "shall be freely granted when justice so requires."

Defendant argues that the scheduling order deadline for amending the pleadings has passed and to permit plaintiff to amend its complaint after the deadline for amending pleadings has passed would render the scheduling order deadlines meaningless and prejudice defendant.

On October 18, 1988, I entered a scheduling order which stated: "Any motion to amend the pleadings shall be filed on or before February 1, 1989." Plaintiff's counsel has sought no extension of that deadline or any other deadline in the scheduling order.

Once the scheduling order deadline for amending the pleadings has passed,

determining whether to grant leave to file an amended pleading requires a two-step analysis. Initially, I must determine whether the scheduling order deadline should be extended. If I decide that the scheduling order deadline should not be extended, leave to amend will be denied. However, if I decide that the scheduling order deadline should be extended, the decision whether to grant leave to amend will be governed by Rule 15, Federal Rules of Civil Procedure.

If this approach is not followed, a Rule 16 scheduling order deadline for amending the pleadings becomes essentially meaningless because the Rule 15 free amendment policy puts the burden on the party opposing a requested amendment to demonstrate prejudice.

■ Here plaintiff has not presented a persuasive argument why the scheduling order deadline for amending the pleadings should be extended. If the need to amend a pleading arises after the deadline expires and there is no offsetting factor, the deadline would probably be extended. On the other hand, if the reason for seeking the amendment is apparent *before* the deadline and no offsetting factors appear, the Rule 16 deadline must govern. Untimely amendments can disrupt the parties' discovery planning and otherwise cause delays and increased expenses.

■ In this case plaintiff asserts that a deposition taken on September 19, 1988, "supports plaintiff's motion for leave to amend its complaint. The amendment merely adapts the complaint to conform to the sworn testimony in that deposition." The deadline for seeking leave to amend was approximately 4½ months later. The request for leave to amend was not filed until approximately six weeks thereafter.

Accordingly, it is hereby ORDERED that plaintiff's motion for leave to file a first amended complaint is denied.