**Dairl JOHNSON; Claudine Johnson, Plaintiffs-Appellants,**

v.

**MAMMOTH RECREATIONS, INC., Defendant-Appellee.**

**No. 90-15975.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 20, 1992.

Decided Sept. 14, 1992.

---

Thomas J. Brandi, Bianco, Brandi & Jones, San Francisco, Cal., for plaintiffs-appellants.

Paul S. Rosenlund and Philip D. Witte, Hancock, Rothert & Bunshoft, San Francisco, Cal., for defendant-appellee.

Before: WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Dairl Johnson[1] appeals the district court's denial of his motion to amend his complaint. The court found that Johnson failed to demonstrate circumstances that would permit joining an additional party after the joinder cut-off date, and granted summary judgment in favor of Mammoth Recreations. We affirm.

## BACKGROUND

The underlying facts are straightforward. On December 23, 1987 Johnson was enjoying a day of recreational skiing at the Mammoth Mountain ski resort in Mono County, California. Johnson alleges that he was injured when a "T-bar [ski] lift ... suddenly released" and threw him to the ground.

He filed a diversity action against the ski lift manufacturer, Dopplemayr Ski Lift Company, Ltd.,[2] and Mammoth Recreations, Inc. Mammoth Recreations is a holding company which owns a majority of the stock of Mammoth Mountain Ski Area, Inc., the entity which actually owns and operates the ski resort. The complaint did not name Mammoth Mountain Ski Area, Inc. as a defendant despite the fact that it alleged that the ski resort had been negligently operated and maintained.

In his complaint, Johnson alleged:

At all times herein mentioned defendants, owned, controlled, maintained, managed, and operated a ski resort commonly known as Mammoth Ski Resort in Mono County, California....

In its answer, Mammoth Recreations "denie[d] each and every ... allegation" of this paragraph. Apparently, Johnson failed to note that Mammoth Recreations had denied ownership and control of the ski resort.

The litigation then proceeded. In due course, the district court filed a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b) which established, *inter alia*, a cut-off date for joining additional parties. The order stated:

*JOINDER OF PARTIES/AMENDMENTS*

All parties are granted six months to move to join additional parties; thereafter, the court will not entertain such motion unless extraordinary circumstances are demonstrated.

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

Since the Scheduling Order was filed on April 17, 1989, the cut-off date for joining additional parties was October 17, 1989, six months later.

On July 7, 1989, a date still well within the amendment cut-off date, Mammoth responded to an interrogatory and again informed Johnson that "Mammoth Recreations, Inc. neither owns nor operates the [ski resort] premises." It further informed

---

1. Dairl Johnson's wife, Claudine Johnson, also appeals. Because Dairl was the directly injured party, we refer to him for convenience. Our holding, however, applies equally to Claudine.

2. Dopplemayr has been dismissed from the action.

Johnson that "the lift was inspected by agents or employees of Mammoth Mountain Ski Area," not by Mammoth Recreations, Inc. Johnson still failed to amend his complaint to add Mammoth Mountain Ski Area, Inc. as a defendant.

■ Mammoth Recreations made one final overture. On July 10, 1989 its counsel sent Johnson's counsel a letter which expressly noted the complaint's deficiency:

> As you should be able to determine, Mammoth Recreations, Inc. is not a proper defendant in this case. Mammoth Recreations, Inc. is merely a holding company for the majority of shares of Mammoth Mountain Ski Area, the corporation which owns, maintains and operates the ski resort by the same name. Please advise if you are willing to stipulate to dismiss Mammoth Recreations, Inc. from this action and substitute Mammoth Mountain Ski Area in its place.

Johnson's attorneys did not respond to this letter and now claim that they never received it.[3] They claim they were unaware of the existence of Mammoth Mountain Ski Area, Inc. and its relationship with Mammoth Recreations until February 15, 1990, four months after the joinder cut-off date, when Mammoth Recreations's counsel informed them of Mammoth Recreations's intention to move for summary judgment.

The district court considered Johnson's motion to amend and Mammoth Recreations's motion for summary judgment. The court found that Johnson had failed to establish the "extraordinary circumstances" that would merit joinder of a party after the Scheduling Order's joinder cut-off date. It also found that the complaint failed to allege any theory of liability by which Mammoth Recreations might be liable. Accordingly, it granted summary judgment in Mammoth Recreations's favor.

---

**3.** The district court found that the July 10, 1990 letter "was sent to plaintiffs' counsel ... informing plaintiffs not only that Mammoth Recreations, Inc. was the wrong defendant, but that Mammoth Mountain Ski Area was the proper defendant." Its factual finding can be over-

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction to hear this diversity action under 28 U.S.C. § 1332. We have jurisdiction to review the court's final judgment under 28 U.S.C. § 1291.

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir.1985).

## DISCUSSION

This case turns on a single, narrow question: when and under what circumstances may a party join an additional defendant once the district court has entered an order limiting the time for joinder.

■ Johnson discusses at length the liberal amendment policy of Federal Rule of Civil Procedure 15(a). Mammoth Recreations does not dispute that Rule 15's policy favoring amendments is applied liberally by us. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185–87 (9th Cir.1987). Under Rule 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. After that point, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Id.*

Nonetheless, Rule 15 does not provide the standards by which we consider Johnson's motion to amend to add Mammoth Mountain Ski Area, Inc. as a defendant. Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that

---

turned only if clearly erroneous. Moreover, insofar as it is based upon a credibility determination, it is entitled to heightened deference. *See United States v. Bibo–Rodriguez*, 922 F.2d 1398, 1401 (9th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991).

rule's standards controlled. Rule 16 provides in part:

> (b) [The district court] ... shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, ... enter a scheduling order that limits the time
>
> (1) to join other parties and to amend the pleadings;
>
> (2) to file and hear motions; and
>
> (3) to complete discovery.
>
> . . . .
>
> The order shall issue as soon as practicable but in no event more than 120 days after filing of the complaint. A schedule shall not be modified except by leave of ... [the district court] upon a showing of good cause.

Thus, Johnson's ability to amend his complaint was governed by Rule 16(b), not Rule 15(a). *See Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C.1987) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15); *see also Financial Holding Corp. v. Garnac Grain Co.,* 127 F.R.D. 165, 166 (W.D.Mo.1989) (same).

■ Except in certain classes of cases not applicable here,[4] the district court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint.[5] The scheduling order "control[s] the subsequent course of the action" unless *modified by the court.* Fed.R.Civ.P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed.R.Civ.P. 16(b), but orders "following a final pretrial conference shall be modified only to pre-

vent manifest injustice." Fed.R.Civ.P. 16(e). In this case, the scheduling order was entered on April 17, 1989, and the final pretrial conference was set for August 13, 1990. Thus, Johnson could have sought to modify the order had he shown "good cause" for doing so.

Johnson did *not* specifically request that the court modify its scheduling order; he merely moved to amend his complaint. He points out that some courts have considered a motion to amend the complaint as a motion to amend the scheduling order and the court's denial of that motion a denial of a motion to amend the scheduling order. *See Spiller v. Ella Smithers Geriatric Ctr.,* 919 F.2d 339, 343 (5th Cir.1990) (district court impliedly granted motion to amend scheduling order by allowing defendant to move for summary judgment after cut-off date for pretrial motions); *R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.,* 835 F.2d 1306, 1308 (10th Cir.1987) (party's assertion of an issue not listed in the pretrial order was deemed a request to modify that order despite the fact that no formal motion to amend the pretrial order had been made). We have suggested the contrary. *See Jauregui v. City of Glendale,* 852 F.2d 1128, 1133–34 (9th Cir.1988) (party bound by facts stipulated to in pretrial order when party failed to seek a modification of order from the district court); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1104 (9th Cir.1985) (court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made); *see also Dedge v. Kendrick,* 849 F.2d 1398 (11th Cir.1988) (motion filed after the scheduling order cut-off date is untimely and may be denied solely on that ground).

---

4. *See* Local Rule 240(c) of the Eastern District of California for exceptions to Rule 16(b)'s mandatory scheduling requirement.

5.· Johnson argues that the fact that the scheduling order was entered 126 days after the complaint was filed somehow invalidates it. We disagree. Although Rule 16 states that the order "shall issue ... in no event more than 120 days after filing of the complaint," the Advisory Committee Note explains what steps should be followed if that deadline is missed. If a schedul-

ing conference cannot be arranged within the 120 period, the court must issue the scheduling order after "some communication with the parties." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). Nowhere is it implied that a late-filed order is invalid. Moreover, a reading of that sort would be self defeating. The rule is not a move in a game; it is designed to cause litigation to proceed at a reasonable pace.

We see no reason to deviate from that approach here, but the result would not change if Johnson's motion to amend the complaint were treated as a *de facto* motion to amend the scheduling order rather than a motion to join a party after the binding cut-off date for the motion had passed. In the former case, Johnson needed to show "good cause" for the amendment. Fed.R.Civ.P. 16(b). In the latter, the terms of the order stated that no joinder would be permitted after the cut-off date unless "extraordinary circumstances [had been] demonstrated."[6] Johnson failed to make an adequate showing under either standard.

### 1. *"Good Cause"*

■ "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15." *Forstmann*, 114 F.R.D. at 85. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann*, 114 F.R.D. at 85; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Cf.*

*Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir.1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir.1971) (same), *cert. denied*, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972); *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir.1962) (same). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *See Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D.Me.1985). If that party was not diligent, the inquiry should end.

■ Johnson has failed to demonstrate good cause for his belated motion to amend. As discussed above, Mammoth Recreations's answer to the complaint and response to interrogatories amply indicated that Mammoth Recreations did not own and operate the ski resort, and thus that any theory of liability predicated upon that fact would fail. Moreover, the district court found that Mammoth Recreations's counsel had sent a letter explicitly offering to stipulate to a substitution of the "proper defendant," Mammoth Mountain Ski Area, Inc. Failing to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence.

■ Johnson argues that Mammoth Recreations had a duty to raise this issue during a pretrial conference, and that its failure to do so cannot be held against Johnson. While it is true that "[e]ach party has an affirmative duty to allege at the pretrial conference all factual and legal bases upon which the party wishes to litigate the case," *Trinity Carton Co. v. Fal-*

---

6. Johnson argues that the order is ambiguous because its terms establish two standards under which modification is possible, "good cause" and "extraordinary circumstances." But Johnson misreads the order. As we read it, the order states that any motions to amend filed more than six months from the filing of the scheduling order would be considered only under "extraordinary circumstances." However, motions filed during the six-month window would be considered upon a showing of "good cause." Thus, the order sets up two different standards for two different periods. It is not disputed that Johnson's motion was filed after the six month grace period had expired. Thus, by the terms of the scheduling order, he was required to show "extraordinary circumstances."

*staff Brewing Corp.*, 767 F.2d 184, 192 n. 13 (5th Cir.1985), *cert. denied*, 475 U.S. 1017, 106 S.Ct. 1202, 89 L.Ed.2d 315 (1986), it is not the case that Mammoth Recreations failed to be candid in this case. In its pretrial status conference report, Mammoth Recreations specifically noted "Mammoth [Recreations] believes plaintiff *may wish to name additional parties as discovery progresses.*" (emphasis added). Mammoth Recreations honored its obligation. The burden was upon Johnson to prosecute his case properly. He cannot blame Mammoth Recreations for his failure to do so. The simple fact is that his attorneys filed pleadings and conducted discovery but failed to pay attention to the responses they received. That is precisely the kind of case management that Rule 16 is designed to eliminate. It is one of the reasons that the district courts have been forced to assume the burdens of case management themselves.

In short, Johnson failed to establish "good cause" for modifying the pretrial scheduling order. The district court did not abuse its discretion when it denied his motion to amend—a motion made four months after the cut-off date for amendment had expired.

### 2. *"Extraordinary Circumstances"*

 By the same token, Johnson has not demonstrated that there were "extraordinary circumstances" permitting joinder after the cut-off date.[7] The district court did not define "extraordinary circumstances" but it is clear that it was not intended to be a less rigorous standard than good cause. The words belie that possibility. Moreover, were it a lesser standard, a party would, in effect, be able to obtain an amendment of the cut-off date without a showing of good cause. That would violate the spirit of Rule 16 itself and nothing suggests that the parties or the court intended such a thing. On the other hand, if the standard were significantly more rigorous than good cause, a party could still seek amendment of the

order upon a showing of good cause. Thus, as a practical matter, extraordinary circumstances is a close correlate of good cause. *Cf. Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.*, 116 F.R.D. 363, 365–66 (M.D.N.C.1987) ("Good cause" shown when there are "extenuating circumstances.").

Johnson utterly failed to show good cause for his dilatory motion to amend. It follows that he also failed to establish "extraordinary circumstances." The district court did not abuse its discretion when it denied Johnson's motion.

### 3. *Summary Judgment*

 The district court properly granted summary judgment in favor of Mammoth Recreations on Johnson's negligence cause of action against it. The claim hinged on Johnson's assertion that Mammoth Recreations owned, operated, controlled and maintained the ski resort. It is undisputed that Mammoth Recreations did not. Thus, Johnson could not prove that Mammoth Recreations was directly liable for his injuries, and did not even allege that the negligence of Mammoth Mountain Ski Area, Inc. could be imputed to Mammoth Recreations.

## CONCLUSION

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp.*, 108 F.R.D. at 141. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15. *Forstmann*, 114 F.R.D. at 85; *Financial Holding Corp.*, 127 F.R.D. at 166; *see also*

---

**7.** Had the scheduling order simply barred further motions after the cut-off date, the district court could have denied any late-filed motion

solely on that ground, absent a request to modify the order. *See Dedge*, 849 F.2d at 1398; *U.S. Dominator, Inc.*, 768 F.2d at 1104.

*Riofrio Anda v. Ralston Purina Co.,* 959 F.2d 1149, 1155 (1st Cir.1992) (permitting amendment under Rule 15(a) in violation of district court scheduling order "would have nullified the purpose of rule 16(b)(1)").

As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques. We will not snatch it away or destroy its effectiveness by requiring district courts to countenance the practices exemplified by the facts of this case.

AFFIRMED.