Lynn E. TSCHANTZ, Jr., Plaintiff,

v.

J. McCANN, et al., Defendants.

No. 1:94–CV–320.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

March 28, 1995.

---

Christopher C. Myers, Myers and Geisleman, Fort Wayne, IN, for plaintiff.

J. Timothy McCaulay, Fort Wayne, IN, for defendants.

## MEMORANDUM OF DECISION AND ORDER

COSBEY, United States Magistrate Judge.

This matter is before the Court[1] on the Plaintiff Lynn E. Tschantz, Jr.'s ("Plaintiff") "Motion to File Belated Amended Complaint and to Dismiss Wrongfully Named Parties" filed March 9, 1995. The Defendants[2] filed an objection to the motion and a memorandum in support on March 15, 1995, and the

Plaintiff filed a reply brief on March 21, 1995. For the reasons hereinafter provided, the Motion will be DENIED.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

On November 16, 1994, the Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated by McCann, Niblich and Chin in their individual capacities. The Plaintiff also sued all of the Defendants under various pendant state law theories pursuant to the Indiana Tort Claims Act, Indiana Code section 34–4–16.5–1, *et seq. See* Plaintiff's Complaint rhetorical ¶ 6. Essentially, the Plaintiff alleges that on April 10, 1994, he was assaulted and beaten by McCann, Niblich and Chin, while they served as police officers for the City of Fort Wayne.

On July 15, 1994, the Plaintiff sent a tort claim notice to the Defendants setting forth the circumstances and extent of his alleged loss, the time and place of the incident, his residence, his alleged damages, and the persons allegedly involved in the incident; namely McCann, Niblich and Chin. Receiving no response, Plaintiff filed his complaint.

On December 6, 1994, the Defendants filed an answer that essentially was in general denial.

On December 9, 1994, the Court sent a "Notice of Preliminary Pretrial Conference and Order of Partial Referral" to counsel which required, *inter alia*, that they conduct a discovery planning conference and submit a proposed discovery plan to the Court. Pursuant to Federal Rule Civil Procedure 16(b)(1) the plan was to establish a deadline

---

1. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

2. The Defendants are: J. McCann ("McCann"), Karl Niblich ("Niblich"), J. Chin ("Chin"), the City of Fort Wayne, and the Fort Wayne Police Department (hereafter, collectively "Defendants").

3. Plaintiff's counsel spends some time in his Memorandum discussing a Rule 11 motion that

was apparently served on March 8, 1995. See Plaintiff's Memorandum in Support, pp. 1–2. However, no Rule 11 motion has been filed and the Court presumes that the Defendants merely served Plaintiff's counsel so as to invoke Rule 11(c)(1)(A), Federal Rules of Civil Procedure. Since no Rule 11 motion has actually been "filed" the Court will not be discussing it further in this order.

to join additional parties and to amend the pleadings.

On January 31, 1995, counsel submitted to the Court a proposed Discovery Plan that recommended that March 1, 1995, be the deadline for the Plaintiff to join additional parties and to amend the pleadings.

At the February 8, 1995, Preliminary Pretrial Conference, counsel for the Defendants advised Plaintiff's counsel in open court that McCann, Chin and Niblich had not been involved in the alleged beating incident of the Plaintiff and that the police officers that were actually involved in the apprehension of the Plaintiff were William Black ("Black") and Scott Morales ("Morales"). Plaintiff's counsel indicated that based on this information, he would be amending his complaint. The Court then endorsed its approval on the proposed Discovery Plan and set March 1, 1995 as the deadline for the Plaintiff to add additional parties and to amend his complaint.

After the pretrial conference, and after' the entry of the scheduling order, counsel for the Defendants forwarded the required initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure. *See* Defendants' Exh. A to Defendants' Objections. Clearly, at least by that time, Plaintiff's counsel was aware that Black and Morales were the proper Defendants—not McCann, Chin and Niblich. Nevertheless, it was after March 1, 1995, that the Plaintiff finally filed his Motion to File Belated Amended Complaint; a pleading which would effectively dismiss McCann, Niblich and Chin.[4] This latest motion was no doubt inspired by defense counsel's March 7, 1995 letter to Plaintiff's counsel containing the served Rule 11 motion. *See* Defendants Exh. C to Defendants' Objection.

Plaintiff's motion now contends that he should be granted leave to file a belated amended complaint because the March 1, 1995, deadline was missed because it was not calendared in his office; on top of that, he contends that defense counsel's letter of February 16, 1995, (Defendants' Exh. A to Defendants' Objections) was placed in his office file without his reading it.[5] Plaintiff's counsel argues that staff turnover caused this problem, that it was all the result of neglect and oversight, and that the Defendants will not be prejudiced in any event. *See* Plaintiff's Motion to File Belated Amended Complaint ¶¶ 4–6.

Counsel for the Defendants reiterates the procedural and factual history of this case in support of the argument that the Plaintiff's motion should be denied. Counsel for the Defendants also argues that any amended complaint now would be partially futile (as to pendant state claims) as to Morales, Black and the City of Fort Wayne since neither Black nor Morales were mentioned in the July 15, 1994 tort claim notice, and that it is now too late to submit a tort claim notice listing them. As the Defendants see it, under Indiana's Tort Claim Act, if Morales and Black cannot be named as Defendants, then the City of Fort Wayne cannot be named as a Defendant either.

Counsel for the Plaintiff takes issue with the Defendants' arguments that the tort claim notice is ineffective simply because the wrong police officers were named. In any event, Plaintiff's counsel continues to argue that the Defendants have still shown no prejudice from the filing of a belated amended complaint.

### DISCUSSION

This case highlights the interrelationship between Federal Rule of Civil Procedure 15(a) which governs the amendments of pleadings, and Federal Rule of Civil Procedure 16(b)(1) which discusses scheduling orders.

To greatly oversimplify, under Rule 15(a) leave to amend a complaint should be "freely

---

4. In violation of N.D.Ind.L.R. 15.1 Plaintiff's counsel failed to attach "the original of the amendment to the motion." The Court does not deny the motion on that basis. *Id.*

5. Noticeable by its absence from the Plaintiff's motion is any reference to the Defendants' Rule 26(a)(1) initial disclosures which were sent under "separate cover" on February 16, 1995. Either transmittal should have put Plaintiff's counsel on notice and should have reminded him of his scheduling order obligations.

given." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, Rule 15 does not provide the standard by which the Court must consider the Plaintiff's motion. Rather, "[o]nce the district court [has] filed a pretrial scheduling order pursuant to Fed.R.Civ.P. 16 which establish[es] a time table for amending pleadings that rule's standards control[ ]." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607–08 (9th Cir.1992); *Amcast Indus. Corp. v. Detrex Corp.,* 132 F.R.D. 213, 217 (N.D.Ind.1990).

Rule 16 provides in part:

(b) [The district court] ... shall, after receiving the report from the parties under Rule 26(f) ... enter a scheduling order that limits the time (1) to join other parties and to amend the pleadings; (2) to file and hear motions; and (3) to complete discovery.

\* \* \* \* \* \*

The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant.[6] A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by the Local Rule by a magistrate judge.

■ "Thus, [plaintiff's] ability to amend his complaint [is] governed by Rule 16(b), not Rule 15(a)." *Johnson,* 975 F.2d at 608. On that basis the standard is clear: a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b), then, if good cause be shown, the party must demonstrate that the amendment was proper under Rule 15. *Id.* (citing *Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C. 1987)). *See also, Financial Holding Corp. v. Garnac Grain Co.,* 127 F.R.D. 165, 166 (W.D.Mo.1989) (same).

"Moreover, while the absence of prejudice to a non-moving party may be relevant in determining whether leave to amend should be granted under Rule 15(a), it does not fulfill the 'good cause' requirement of Rule

16(b)." *Amcast Indus. Corp.,* 132 F.R.D. at 218 (citing *Forstmann,* 114 F.R.D. at 85–86).

■ "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under ... Rule 15." *Johnson,* 975 F.2d at 609, quoting *Forstmann,* 114 F.R.D. at 85. The "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson,* 975 F.2d at 609. In other words, in order to demonstrate "good cause" a party must show that despite their diligence the time table could not have reasonably been met. *Forstmann,* 114 F.R.D. at 85–86; 6A WRIGHT, MILLER AND KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2nd ed. 1990) ("Good cause" means scheduling deadlines cannot be met despite party's diligence.).

■ Here, it is clear that the Plaintiff has not met the "good cause" prong of the inquiry. In fact, the facts of this case are somewhat similar to *Johnson*—another case where "good cause" was not shown. There, the Plaintiff brought a personal injury action but sued only the holding company of the premises, not the actual operating company. The court entered a scheduling order that included a deadline for the amendment of pleadings and the joinder of additional parties. After the deadline passed, the Plaintiff moved to substitute the actual operating company in place of the holding company. The district court denied the motion and subsequently granted summary judgment to the defendant. The plaintiff, on appeal, argued that the substitution motion should have been granted under Rule 15(a) but the court of appeals, noting that the district court had issued a scheduling order to control the course of the litigation, held that Rule 16(b) actually governed. Under that rule, the plaintiff was required to show "good cause" to justify deviation from the order and the plaintiff had failed to meet that standard. In fact, in *Johnson,* the defendant had alleged in both its answer and in discovery that it neither owned, nor operated the premises. Accordingly, the plaintiff was on notice well before the deadline that he had sued the

---

6. The scheduling order here was timely issued under either measure.

wrong defendant. Holding that carelessness and lack of diligence in seeking an amendment cannot be considered "good cause," denial of the motion was affirmed. *Johnson,* 975 F.2d at 609.

 Here, Plaintiff's counsel was even more on notice (by virtue of the February 8, 1995 disclosure in open court) that he had sued the wrong Defendants. This was later confirmed when the Rule 26(a)(1) disclosures were provided to him on February 16, 1995. Nevertheless, Plaintiff failed to amend his complaint and allowed the deadline to pass. The fact that the Defendants arguably suffered no prejudice cannot be used to show "good cause." *Amcast Indus. Corp.,* 132 F.R.D. at 218.

This was more than simple oversight— which would not save the motion for the belated filing of a complaint in any event, *e.g., Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990) (scheduling mistake in counsel's office not "good cause" to modify a scheduling order as to the designation of expert witnesses); *Cloyd v. Arthur Anderson and Co.,* 151 F.R.D. 407 (D.Utah 1993) *aff'd* 25 F.3d 1056 (10th Cir.1994) (mere inadvertence insufficient to meet former Rule 4(j) "good cause" standard for service); *Allendale Mutual Ins. Co. v. Triple S Technology, Inc.,* 1993 U.S.Dist. LEXIS 15837 (W.D.Mich.) (same); *Jacks v. Alipio,* 1993 WL 81355, 1993 U.S.Dist. LEXIS 3923 (N.D.Calif.1993) (same); *In re Wilson,* 96 B.R. 301 (Bankr.E.D.Calif.1989) (Secretarial oversight compounded by secretarial turnover is insufficient to constitute "good cause."), but rather, was a situation where Plaintiff's counsel ignored the information he received in open court, failed to pay attention to the discovery that he received, and then ignored or overlooked a deadline that he had virtually set for himself. In short, the burden was on Plaintiff's counsel to prosecute his case properly and he cannot blame either the Defendants, or the Court, for his failure to do so. This kind of case management is "precisely the kind of case management that

Rule 16 is designed to eliminate." *Johnson,* 975 F.2d at 610. As a consequence then, the motion to file a belated amended complaint will be denied.[7]

### CONCLUSION

For the foregoing reasons, the Motion to File Belated Amended Complaint is hereby DENIED.

---

**7.** The Court does not by this order address the issue of whether the proposed amended complaint was a futility, or a new complaint in a new cause of action, would be subject to a motion to dismiss under Indiana's Tort Claim Act. The

Court is mindful, however, that the Indiana Supreme Court has viewed the contents of a tort claim notice with some liberality. *See Collier v. Prater,* 544 N.E.2d 497 (Ind.App.1989).