**LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, Plaintiff—Appellee,**

v.

Henry D. HOGE, an individual; Dona P. Hoge, an individual; Henry D. Hoge & Dona P. Hoge Family Trust, A Trust, Defendants—Appellants,

and

Harold K. Spence, an individual; John H. Mansperger, an individual; Clarence S. Weber, an individual; Hilda S. Weber, an individual, Defendants.

Liberty Mutual Insurance Company, a Massachusetts corporation, Plaintiff—Appellant,

v.

Henry D. Hoge, an individual; Dona P. Hoge, an individual, Defendants—Appellees,

and

Henry D. Hoge & Dona P. Hoge Family Trust, A Trust; Harold K. Spence, an individual; John H. Mansperger, an individual; Clarence S. Weber, an individual; Hilda S. Weber, an individual, Defendants.

No. 03–15932, 04–15383.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided Aug. 12, 2005.

For related reference, see 2005 WL 756568.

James Francis Curran, Esq., Matheny Sears Linkert & Long, LLP, Sacramento, CA, James D. Curran, Esq., Amy K. Thomas, Esq., Wolkin Curran LLP, San Francisco, CA, for Plaintiff—Appellee.

Scott Zarin, Esq., Ronald K. Losch, Esq., Losch & Ehrlich, San Francisco, CA, for Defendants—Appellants.

Before: REAVLEY,* T.G. NELSON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

In Case No. 03–15932, Henry and Dona Hoge challenge the district court's decisions regarding case management, the enforceability of the indemnity agreement, and the cross-motions for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In Case No. 04–15383, Liberty Mutual Insurance Company challenges the district court's conclusion that it cannot attach assets necessary to cover the Hoges' payment of pre- and post-judgment attorney's fees. We have jurisdiction pursuant to 28

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1291. We affirm in part, and reverse and remand in part.

## I. Scheduling Order [1]

■ The Hoges failed to meet the "good cause" requirement mandated for a change to the scheduling deadlines.[2] The record supports the district court's findings that the Hoges did not diligently pursue discovery. Thus, the district court properly declined to amend the scheduling order.

## II. Enforceability of the Indemnity Agreement [3]

■ The indemnity agreement was not oppressive.[4] Because unconscionability requires procedural *and* substantive unconscionability, the indemnity agreement is therefore not unconscionable.[5]

■ As for the Hoges' argument regarding the illegality of the agreement, even assuming that paragraphs 12 and 21 are void, the agreement as a whole is valid.[6] The central purpose of the indemnity agreement was to establish an obli-

gation on the part of HSQ Technology, the Hoges, and others to indemnify Liberty Mutual for any payments it made on construction bonds. Paragraphs 12 and 21 do not taint the central purpose of the indemnity agreement: indemnification of Liberty Mutual by the Hoges for expenses incurred under a bond. Rather, the paragraphs relate to the assets available to satisfy the indemnity obligation and the procedural aspects of a suit to enforce the agreement. Furthermore, severance would further the interests of justice.[7] Accordingly, the district court properly rejected the Hoges' unconscionability and illegality arguments.

## III. Summary Judgment Issues [8]

■ Under California law, a surety breaches the covenant of good faith when it engages in " 'objectively unreasonable conduct.' "[9] The district court properly concluded that there was no genuine issue of material fact as to whether Liberty Mutual diligently and adequately investigated its obligations and options under the

1. We review the district court's denial of a motion to modify the scheduling order for "a clear abuse of discretion." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992).

2. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002) (quoting *Johnson*, 975 F.2d at 608).

3. We review questions of law de novo. *Ting v. AT & T*, 319 F.3d 1126, 1135 (9th Cir. 2003).

4. *See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1171 (9th Cir.2003).

5. *Ting*, 319 F.3d at 1148.

6. *See* CAL. CIV.CODE § 1599 (providing that when portions of a contract are void, the remainder of the contract is still valid); *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669, 696 (2000).

7. *Armendariz*, 99 Cal.Rptr.2d 745, 6 P.3d at 696 (explaining that "[t]he overarching inquiry is whether the interests of justice would be furthered by severance") (alterations in original omitted) (internal quotation marks and (citation omitted)).

8. We review the district court's grant of summary judgment de novo and view the facts in the light most favorable to the nonmoving party. *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir.2003), *cert. denied sub nom. U.S. Bancorp v. Fraser*, 541 U.S. 937, 124 S.Ct. 1663, 158 L.Ed.2d 358 (2004).

9. *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal.App.4th 464, 54 Cal. Rptr.2d 888, 899 (1996) (quoting *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal.4th 342, 6 Cal.Rptr.2d 467, 826 P.2d 710, 727 (1992)).

performance bond. HSQ did not default on the Port Authority of Allegheny County contract on March 1, 2001 as the Hoges assert. The default did not occur until either HSQ entered bankruptcy in September 2001 or HSQ sought to disavow the contract in bankruptcy in October 2001. Accordingly, Liberty Mutual acted diligently when it commenced its investigation of takeover options around October 25, 2001. The record also reflects that the investigation was adequate because Liberty Mutual settled for the payment of the penal sum of the bond only after eliminating all other possibilities. Thus, under California law, Liberty Mutual acted in good faith because it did not engage in "objectively unreasonable conduct."[10] Accordingly, we affirm the district court's grant of summary judgment in favor of Liberty Mutual.[11]

### IV. Attorney's Fees Exemption [12]

■ Under *Randone v. Appellate Department*,[13] funds needed by the defense to pursue a case to a decision on the merits at the trial court level are necessaries under California Code of Civil Procedure § 487.020. Such funds are necessaries because "at a minimum, the Constitution requires that a defendant be afforded a [m]eaningful opportunity to be heard on the merits of a plaintiff's claim."[14] There-

fore, we affirm the district court's decision that funds necessary to pay prejudgment attorney's fees are exempt as necessaries under § 487.020. However, the same cannot be said for the funds necessary to pursue an appeal. The United States Supreme Court has declared that the due process clause does not require the availability of an appeal.[15] Accordingly, we hold that the California Supreme Court would determine that funds to pay postjudgment attorney's fees would not be necessaries. Therefore, we reverse the district court's judgment that the funds necessary to pay post-judgment attorney's fees are exempt and remand for a recalculation of the amount of funds § 487.020 exempts.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.** All parties to bear their own costs.

10. *Id.*

11. Because we conclude that the district court correctly granted summary judgment in favor of Liberty Mutual as to the Hoges' defense that Liberty Mutual failed to act in good faith, we also affirm the district court's grant of Liberty Mutual's motion to dismiss the affirmative counterclaim. The Hoges acknowledge in their opening brief that their affirmative counterclaim for breach of the implied covenant of good faith and fair dealing is identical to their good faith defense argument. We express no opinion on whether California law recognizes affirmative counter-

claims for the breach of a covenant of good faith and fair dealing.

12. We review de novo the district court's adoption of a special master's legal conclusions. *See United States v. Clifford Matley Family Trust*, 354 F.3d 1154, 1163 n. 10 (9th Cir.2004).

13. 5 Cal.3d 536, 96 Cal.Rptr. 709, 488 P.2d 13 (1971) (in bank).

14. *Id* at 30.

15. *See Ortwein v. Schwab*, 410 U.S. 656, 658–60, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973).