Niurka DE VARONA, Plaintiff,

v.

DISCOUNT AUTO PARTS, LLC, a foreign limited liability company, d/b/a, Advance Auto Parts, Defendant.

No. 12–20714–Civ–UU.

United States District Court, S.D. Florida.

Sept. 13, 2012.

Judd Gordon Rosen, Glen Z. Goldberg, Michael T. Flanagan, Goldberg & Rosen PA, Miami, FL, for Plaintiff.

Michele Aimee Vargas, Emmet Jay Schwartzman, Carlton Fields, P.A., Miami, FL, for Defendant.

### ORDER DENYING MOTION TO MODIFY THE PRE–TRIAL SCHEDULE

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court on Plaintiff Niurka De Varona's ("Varona") Motion to Extend the Deadline to Add Parties and Amend the Pleadings. (D.E. 36.) Defendant Discount Auto Parts, LLC d/b/a Advance Auto Parts ("Advance Auto") answered in opposition to the instant Motion. (D.E. 42.) The Court has considered the Motion, pertinent portions of the record and is otherwise fully advised in the premises.

### I. Background and Procedural Facts

On May 16, 2012, the Court issued a Scheduling Order ("the Scheduling Order") in the present case pursuant to Federal Rule of Civil Procedure 16(b)(1). [D.E. 13] The Scheduling Order required that all amendments to the pleadings, including the addition of parties, be filed no later than June 29, 2012. [Id.] On July 26, 2012, Varona filed the instant Motion, seeking to amend the Scheduling Order to add a new defendant that Plaintiff believes may be liable for her injuries, Driveway Maintenance, Inc. ("Driveway"), a Florida Corporation. [D.E. 36] Varona moved pursuant to the Federal Rule of Civil Procedure 16(b)(4), which provides that

a "schedule may be modified only for good cause and with the judge's consent." [*Id.*] Varona argues that the "good cause" requirement is satisfied here because Advance Auto withheld documents, which reveal Driveway's liability for her injuries, until after the amendment deadline had expired. [*Id.*]

Since commencing the present action, Varona propounded on Advance Auto three relevant requests for the production of documents. On September 29, 2011, while the while the case was pending in state court[1], Varona requested that Advance Auto produce "all maintenance and repair records" of Defendant's parking lot for the 36–month period ending on the date of the incident in question—June 6, 2011. [D.E. 42–1 ¶ 5]. On November 14, 2011, Advance Auto answered that "responsive documents will be produced" and attached an invoice representing the cost for the photocopied items. [D.E. 42–2 at 2, 6]

The second request for production was sent to Advance Auto on May 20, 2012, after the case was removed to this Court. [D.E. 36–2] In it, Varona requested Advance Auto's maintenance records of its parking lot for the 36–month period prior to the date of the incident in question. [D.E. 36–2 ¶ 4] In response, on June 6, 2012, Advance Auto stated that those documents, bate-stamped DAP000003–000017 would be produced, and attached an invoice representing the cost for the photocopies. [D.E. 36–3 at 3, 9]

On June 27, 2012, three weeks after Advance Auto's response to Varona's second request for production, and two days prior to the deadline for amending pleadings and adding parties, Varona mailed a check as payment for the photocopies. [D.E. 42–5] In its response in opposition to the instant Motion, Advance Auto submits the unsworn declaration of Chandra Morris Bussone ("Bussone"), its counsel's legal assistant, attesting that she received Varona's check on July 6, 2012. [D.E. 42–6 ¶ 4] Additionally, Bussone testifies to sending the documents the same day she received the check. [*Id.* ¶ 8] Judd G. Rosen ("Rosen"), Varona's counsel, attests to receiving Advance Auto's "maintenance rec-

ords" on or about July 6, 2012. [D.E. 36–1] Rosen states that he first learned about Driveway via these documents. [*Id.*] These records reveal that, prior to the incident in question, Advance Auto hired Driveway to fix a flooding problem in the parking lot. [D.E. 36–3 at 10–26]

On May 29, 2012, Varona propounded a third request for production, in which Plaintiff added seven requests to those included in the second request for production. [D.E. 36–2 at 4–7] The fourth question asked for the "maintenance records" for thirty-six months "prior to and following" the incident in question. [*Id.* at 4] On July 3, 2012, Advance Auto answered this request by objecting that it was overbroad and irrelevant, and referred to its response to Varona's second request for production. [D.E. 36–3 at 6]

## II. Legal Standard

District courts are required to "enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings[.]" Fed.R.Civ.P. 16(b)(3)(A). The scheduling order control[s] the subsequent course of action unless modified by a subsequent order. *See Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir.1998).

When a party files a motion to extend a deadline set in a scheduling order that has already expired, Federal Rule of Civil Procedure 16(b) is the proper guide for determining whether to modify the scheduling order. *Southern Grouts & Mortars, Inc. v. 3M Co.,* 575 F.3d 1235, 1241 (11th Cir.2009). In such cases, the moving party is required to show good cause. *Id.* (quoting Fed. R.Civ.P. 16(b)(4)) The good cause standard required to modify a scheduling order precludes modification unless the schedule "cannot be met despite the diligence of the party seeking the extension." *Sosa,* 133 F.3d at 1418 (citing Fed.R.Civ.P. 16 advisory committee's notes); *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). In short, diligence is the key to satisfying the

---

1. On September 27, 2011, Varona initiated the present action state court. [D.E. 1–7] On February ary 21, 2012, Advance Auto removed the action to federal court. [D.E. 1]

good cause requirement. *Sosa*, 133 F.3d at 1419. Furthermore, the Court of Appeals for the Eleventh Circuit has held that the lack of diligence precluding good cause is not limited to "a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes" but also includes "a plaintiff's failure to seek the information it needs to determine whether an amendment is in order." *Southern Grouts & Mortars, Inc.*, 575 F.3d at 1241, n. 3.

## III.  Analysis

■ The record in this case reveals a lack of diligence on Varona's part. Pursuant to the Federal Rule of Civil Procedure 34, the requested documents should be produced for the requesting party to copy. Fed.R.Civ.P. 34(a)(1) ("A party may serve on any other party a request within the scope of 26(b): to produce and permit the requesting party ... to inspect, copy, test, or sample the following items in the responding party's possession, custody or control[.]")  As such, the rule places no obligation on the producing party to copy the documents for the requester. *See e.g. Border Collie Rescue, Inc. v. Ryan*, No. 04–568–J32HTS, 2005 WL 307660 *1 (M.D.Fla. Jan. 13, 2005) (citing 8A CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 2213 (2d ed. 1994) ("However the documents are organized for production, the party who has made them available for inspection need not itself make copies for the use of the discovering party."))  The party receiving the request for production need only make the documents available for inspection by the requesting party.

■ Here, Varona misconstrues the term "produce" in her motion when she complains that Advance Auto withheld the documents pertaining to the maintenance of the parking lot. Varona received these documents on July 6, 2012, as evidenced by her counsel's declaration. [D.E. 36–1 ¶ 4] However, Varona could have received the documents in time to meet the June 29, 2012 deadline for adding parties had she paid for the photocopying of these documents, which Advance Auto had made available to her.

Furthermore, the record underscores Varona's lack of diligence in obtaining the maintenance records. The first time Varona that requested these documents was on September 29, 2011. The invoice attached to Advance Auto's response was apparently not paid despite the invoice's instruction to "remit together with a copy of this invoice." [D.E. 42–2 at 6] Eight months later, Varona sent a second request for production of Advance Auto's maintenance records. Again, Advance Auto responded that the documents would be produced when Varona paid the cost for reproduction, in this case $18.26. Three weeks after Advance Auto's response, Varona mailed a check for that amount made payable to Advance Auto's counsel. [D.E. 42–5] Advance Auto provided the declaration of Bussone attesting to the fact that she received the check on July 6, 2012, and sent the items the same day. [D.E. 42–6] Varona's counsel attests to receiving the documents on or about the same day it was sent. [D.E. 36–1] By then, however, the deadline had expired.

## IV.  Conclusion

In conclusion, because Varona was not diligent in obtaining documents that had been made available to her, she has not met the good cause standard required to support a modification of the Order. *Sosa*, 133 F.3d at 1418 ("the good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.").  Accordingly, it is hereby,

ORDERED and ADJUDGED that Plaintiff's Motion [D.E. 36] is DENIED.