**ESYS LATIN AMERICA, INC., Plaintiff,**

v.

**INTEL CORPORATION, Defendant.**

**No. 12–22265–CIV.**

United States District Court,
S.D. Florida.

May 29, 2013.

Bennett Gordon Feldman, Coral Gables, FL, for Plaintiff.

Aaron Stenzler Weiss, Charles Martin Rosenberg, Carlton Fields, Miami, FL, Jay P. Srinivasan, Gibson, Dunn & Crutcher, LLP, Los Angeles, CA, Joseph Kattan, Gibson, Dunn & Crutcher, LLP, Washington, DC, Robert C. Walters, Gibson, Dunn & Crutcher, LLP, Dallas, TX, for Defendant.

## *ORDER*

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court on the Plaintiff's Motion To Amend The Scheduling Order To Extend Discovery And Expert Deadlines ("Motion") [ECF No. 58], filed on May 28, 2013. The Order Setting Trial and Pre–Trial Schedule . . . ("August 1 Scheduling Order") [ECF No. 13], was originally issued on August 1, 2012. Subsequently, the Court has granted several extensions of various deadlines, including the trial date. (*See, e.g.*, December 28, 2012 Order [ECF No. 27] (extending expert witness summary deadlines); February 4, 2013 Order [ECF No. 33] (extending all pre-trial non-expert deadlines by sixty days, and expert-related deadlines by thirty days); April 3, 2013 Order [ECF No. 41] (re-setting trial and pretrial schedule); April 22, 2013 Order [ECF No. 49] (extending various discovery deadlines as well as pre-trial motion deadline)). Plaintiff presently seeks to extend the same remaining discovery deadlines, and the deadline for filing all pre-trial and *Daubert* motions or motions to strike. (*See* Mot. 5).

 District courts are required to "issue a scheduling order . . . [that] limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." FED. R. CIV. P. 16(b). Such orders "control the subsequent course of the action" unless modified by a subsequent order, and may be modified only "on a showing of good cause." *Id.* 16 advisory committee's note; *see id.* 16(b)(4). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." *Id.; see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

 The Plaintiff does not present any reasons constituting good cause warranting an additional extension of time. The Court has already granted previous extensions, and the Plaintiff again requests more time to meet the same deadlines required since the original August 1 Scheduling Order. The presently requested extensions are the same deadlines amended in the Court's most recent April 22 Order. Moreover, the Plaintiff does not provide any explanation for the delay in propounding discovery on Defendant or for the delay in bringing the discovery matters addressed in the Motion to Judge Simonton for an informal conference. The failure to explain both delays precludes modification, as Plaintiff has not shown the schedule could not have been met despite its diligence.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 58]** is **DENIED.**