**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 6 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIAN A. POLLOK, individually and as Administrator with Will Annexed, for The Estate of Edward S. Salkin,

Plaintiff-Appellant,

v.

THE VANGUARD GROUP, INC., a Pennsylvania corporation; et al.,

Defendants-Appellees.

No. 17-56814

D.C. No. 2:16-cv-06482-JLS-JCG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted July 9, 2019
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and AMON,[**] District Judge.

Appellant Julian Pollok appeals the district court's grant of Vanguard Group,

Inc., Vanguard Marketing Corp., and Vanguard Brokerage Services' (collectively

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

"Vanguard") motion for summary judgment and the denial of Pollok's motion for reconsideration and to amend his complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I. *Summary Judgment*

The district court did not err in granting Vanguard's motion for summary judgment because Vanguard did not owe any of the statutory or bailment duties Pollok alleges it breached.

With respect to the statutory duties, California Financial Code § 1450 does not control because none of the named Vanguard entities are banks. California Commercial Code § 8507(a) does not control because it applies only "[i]n the absence of agreement." Here, the Vanguard accounts at issue were governed by an agreement. And the Court will not consider Pollok's argument concerning the California Probate Code because he forfeited it by failing to raise it below. *See R.L. Inv. Ltd. Partners v. I.N.S.*, 273 F.3d 874, 874–75 (9th Cir. 2001).

With respect to the common-law bailment duties, Vanguard complied with the contract terms governing the accounts when it froze the accounts. The contract provisions superseded any bailment duties allegedly owed by Vanguard. *See* Dan B. Dobbs, *et al.*, The Law of Torts § 68 (2d ed. 2019). The relevant contracts, which included the Vanguard Brokerage Account Agreement, the IRA Custodial Account Agreement, and the prospectuses governing the individual funds, permitted

2

Vanguard to place trade and disbursement restrictions on the accounts in the event of reasonable notice of a dispute over the accounts' ownership and to rely on a court order in determining the rightful owner. Vanguard acted in compliance with those agreements when it froze the accounts after receiving a contingent temporary restraining order from the Superior Court, which provided Vanguard with reasonable notice of a dispute. Vanguard also complied with the agreements when it turned the accounts over upon court order. Further, none of the agreements permitted Vanguard to exercise its discretion in modifying the investments, so Vanguard cannot have breached any duty to prevent the accounts from declining in value while the freeze was in place.

Pollok attempts to avoid this conclusion by arguing that the relevant contracts were not enforceable because: (1) there is no evidence that the contracts were ever delivered; (2) the contracts are unsigned and were promulgated many years after the accounts were opened; and (3) the contracts are unconscionable. However, the uncontroverted record establishes that Vanguard's standard practice was to mail these contracts to clients when they were issued. Under both state and federal law, a properly mailed letter is presumed to have been received. *See* Cal. Evid. Code § 641; *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 961 (9th Cir. 2001). Pollok failed to offer evidence sufficient to rebut this presumption.

3

That the contracts were never signed and that they were promulgated many years after the accounts were opened does not affect our conclusion. These contracts were unilateral in nature. As such, Vanguard was permitted to modify them and "[c]ontinuing to [perform] after the . . . modification constitute[d] acceptance of the new . . . terms." *Asmus v. Pac. Bell*, 999 P.2d 71, 78 (Cal. 2000). And these contracts, by their terms, provided that they would be accepted if the accountholder kept his accounts open.

The district court did not abuse its discretion by refusing to consider Pollok's argument concerning the contracts' unconscionability because he did not raise it until his motion for reconsideration. Arguments that could have been raised at the time of a district court's initial decision are not appropriate grounds for reconsideration. *See* C.D. Cal. Local Civ. R. 7-18. Nor will we consider them for the first time on appeal. *See Tibble v. Edison Int'l*, 843 F.3d 1187, 1193 (9th Cir. 2016) (en banc).

II.  *Leave to Amend*

Pollok filed his motion to amend eight months after the deadline for doing so and many months after he learned of the contracts that formed the basis for his new claims. He was not diligent in seeking leave to amend and therefore failed to establish "good cause" to excuse his failure to comply with the district court's scheduling order. *Cf. Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609–

4

10 (9th Cir. 1992); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 736–39 (9th Cir. 2013).

* * *

The Court has considered Pollok's remaining arguments and finds them to be without merit. For these reasons, the district court's judgment is AFFIRMED.