NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENT BAILEY; EMILY WADE, ex rel. United States of America and State of California, | No.    17-17530 |
| Plaintiffs-Appellants, | D.C. No. 2:12-cv-00106-MCE-CKD |
| and | |
| UNITED STATES OF AMERICA; STATE OF CALIFORNIA, | MEMORANDUM* |
| Intervenor-Plaintiffs, | |
| v. | |
| GATAN, INC.; ROPER INDUSTRIES, INC., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted August 8, 2019**
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, McKEOWN, and BENNETT, Circuit Judges.

Brent Bailey and Emily Wade ("Appellants") appeal: (1) the grant of summary judgment in favor of Gatan, Inc. and Roper Industries, Inc. ("Appellees") and denial of Appellants' request to defer consideration of the summary judgment motion pursuant to Federal Rule of Civil Procedure ("Rule") 56(d); (2) the order denying Appellants' motion to modify the scheduling order; (3) the order denying Appellants' motion to compel discovery; and (4) the order imposing sanctions against Appellants and their counsel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review the district court's grant of summary judgment de novo. *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1156 (9th Cir. 2001). We review the remaining decisions challenged on appeal for abuse of discretion. *See id.* at 1161 n.6; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1222 (2019); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011). Because the facts are familiar to the parties, we do not recite them here except as necessary.

1. In support of their motion for summary judgment, Appellees presented evidence (or noted the lack of evidence) showing that there were no genuine

---

[1] We deny as moot Appellees' motion to supplement the record. [Dkt. 38]

disputes of fact regarding the elements of Appellants' False Claims Act claims under federal and California law. Appellees submitted evidence showing that no one acting on their behalf made any material misrepresentation about x-ray emissions related to Gatan, Inc.'s products, and they also noted the lack of evidence of scienter. A material misrepresentation and scienter are elements of Appellants' False Claims Act claims. *See* 31 U.S.C. § 3729; Cal. Gov't Code § 12651; *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1996 (2016); *State v. Altus Fin.*, 116 P.3d 1175, 1184 (Cal. 2005) ("[T]he [California False Claims Act] 'is patterned on similar federal legislation' and it is appropriate to look to precedent construing the equivalent federal act." (quoting *Laraway v. Sutro & Co.*, 116 Cal. Rptr. 2d 823, 830 (Ct. App. 2002))). Appellants did not oppose Appellees' motion for summary judgment. Instead, Appellants filed a request to defer consideration of the motion for summary judgment under Rule 56(d).

We first conclude that the district court did not abuse its discretion in denying Appellants' Rule 56(d) request to defer consideration of the summary judgment motion. While Appellants identified more discovery that they wanted to conduct, they did not identify any specific facts that they hoped to obtain from that discovery. Their counsel's declaration simply stated, "I believe that the information sought will raise several genuine issues of material fact." The district

3

court properly concluded this was insufficient. *See, e.g.*, *Stevens*, 899 F.3d at 678–79.

We also agree with the district court that because Appellants filed no opposition to the summary judgment motion, they failed to show that genuine issues of fact precluded summary judgment.

2. The district court denied Appellants' motion to modify the scheduling order because Appellants were not diligent in seeking discovery, and thus failed to demonstrate the "good cause" required by Rule 16(b). The record supports the district court's conclusion. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Here, the record supports that Appellants were not diligent in seeking discovery. For example, Appellants' motion to compel discovery, filed just three weeks before the discovery cut-off date, sought to compel responses to discovery requests that Appellees said they would not provide nearly nine months before. The district court did not abuse its discretion in denying Appellants' motion to modify the scheduling order.

3. Appellants appeal the magistrate judge's denial of their motion to compel discovery. Appellees argue that Appellants failed to timely object under Rule 72, which provides that a party must object to a magistrate judge's pretrial non-dispositive order within fourteen days after being served with a copy of the order.

Fed. R. Civ. P. 72. Appellants make no attempt to rebut this correct argument. Appellants' failure to comply with Rule 72 bars their challenge to the magistrate judge's order denying their motion to compel discovery.

4. Appellants challenge the magistrate judge's order sanctioning them and their counsel for violating a protective order. Their arguments that the magistrate judge abused her discretion are either unsupported by the record or not reasoned. As an example, Appellants argue that the sanctions order was an unconstitutional restraint on free speech. But Appellants only cite an inapplicable case and provisions of the United States and California Constitutions with no discussion explaining how the cited provisions support their argument. Appellants' arguments challenging the sanctions order are waived. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010).

**AFFIRMED.**