Mark N. WAYSON,

v.

UNITED STATES of America.

No. F03–0035–CV (JWS).

United States District Court,
D. Alaska.

April 7, 2005.

## ORDER FROM CHAMBERS

SEDWICK, District Judge.

At docket 46, plaintiff Wayson moves to add a claim for injunctive relief to his complaint. The motion was filed on January 14, 2005. The motion was filed substantially after the date set in the court's planning and scheduling order issued pursuant to Rule 16, Federal Rules of Civil Procedure. Thus, it was incumbent on Mr. Wayson to show good cause for not making his motion in a timely fashion. The motion did not attempt to show good cause for the untimely filing, but relied exclusively on the principles of Rule 15, Federal Rules of Civil Procedure which governs timely motions to amend. However, the requirements of Rule 16 may not be overlooked. *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604 (9th Cir.1992).

In his reply Mr. Wayson attempts to correct his oversight by explaining that until September 15, 2004, he was unaware that he needed to seek injunctive relief. He bolsters this with a recitation of earlier efforts to obtain information which were unsuccessful. However, he nowhere explains why he waited to file his motion to amend until January of 2005. Even assuming that there was good cause through a reasonable time after September 15, 2004, there is no explanation why it took three more months to act.

Having failed to show good cause why he should be allowed to file a motion to amend in January 2005, when discovery closed many months earlier, Mr. Wayson's motion to amend must be denied.

The court writes further to note that denial of the motion is appropriate for an additional reason. The injunctive relief requested is sought on the basis of a hypothetical problem, not on any concrete harm which has actually occurred or which has even been threatened. Mr. Wayson simply surmises that the Department of Homeland Security (or some other agency), which is not a party to this litigation, might put him on a "no-fly" list if it makes inquiries about him to which Mr. Schneider would respond. Mr. Wayson does not allege that the Department of Homeland Security (or other agency) has even hinted that it will make any such inquiry, or that if it did the information obtained could and would be used to place Mr. Wayson on a no-fly list. In sum, the proposed new remedy does not arise out of an actual controversy. Absent an actual controversy, this court has no power to adjudicate the proposed new claim.

The motion at docket 46 is **DENIED**.