Tiffany IRVING; Joanne Irving, Plaintiffs–Appellants,

v.

**COUNTY OF SACRAMENTO; Carl Bowen, Deputy Sheriff, Defendants–Appellees,**

and

**Frank Lucia; Gerald Drobny; Elk Grove Unified School District, Defendants.**

No. 05–15920.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2007 *.

Filed May 1, 2007.

---

** The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cyrus Zal, Esq., Folsom, CA, for Plaintiffs–Appellants.

Thomas A. Cregger, Esq., Randolph Cregger & Chalfant, LLP, Sacramento, CA, for Defendants–Appellees.

John M. Laplante, Esq., Laplante Spinelli & Donald, Sacramento, CA, for Defendants.

Before: THOMPSON, KLEINFELD, and THOMAS, Circuit Judges.

## MEMORANDUM **

Plaintiffs–Appellants Tiffany and Joanne Irving appeal the district court's denial of their motion for an extension of time to file their opposition to the Defendants–Appellees' motion for summary judgment, and for a continuance of the hearing date for that motion. We conclude the district court did not abuse its discretion in denying these requests, and we affirm the district court's summary judgment.

" 'The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion.' " *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992)). A party may only obtain a modification of a pretrial scheduling order " 'upon a showing of good cause.' " *Id.* (quoting *Johnson*, 975 F.2d at 608).

Plaintiffs–Appellants did not file their motion for an extension of time and a continuance until the day their opposition to summary judgment was due under the district court's pretrial scheduling order. The district court did not abuse its discretion in finding Plaintiffs–Appellants failed to show good cause for modifying the scheduling order; they did not demonstrate diligence in attempting to comply with the order. *See id.* (quoting *Johnson*, 975 F.2d at 609) ("If the party seeking the modification [of the scheduling order] 'was not diligent, the inquiry should end' and the motion to modify should not be granted.").

After waiting until the day their opposition was due to file a motion for an extension of time and a continuance, Plaintiffs–Appellants argued that good cause existed because they were awaiting a deposition transcript they planned to use in support of their opposition to summary judgment. They did not demonstrate then or on appeal, however, that information in the transcript would have changed the outcome of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the summary judgment proceeding. They also contended good cause existed because they had only fourteen days in which to file their opposition to the Defendants–Appellants' summary judgment motion, and another summary judgment hearing in a related state court case had been scheduled for the day after the summary judgment hearing in this case.

Fourteen days is the standard time for filing an opposition to a summary judgment motion in the Eastern District of California. E.D. Cal. R. 78–230(c). The Plaintiffs–Appellants failed to show that it was an abuse of discretion to hold them to it.

Although there may be circumstances in which the denial of a motion for continuance by the district court would constitute an abuse of discretion, such as where the party moving for the continuance was diligently seeking a deposition transcript containing essential information likely to change the outcome of the summary judgment motion, this is not one of those cases. *Cf. Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.1996) (commenting that the district court's failure to grant a continuance to allow a party to obtain further discovery might constitute an abuse of discretion if the party had been pursuing discovery with diligence all along, and the discovery cutoff had still been "months away").

**AFFIRMED.**[1]

---

1. We also conclude the district court did not abuse its discretion by granting the Plaintiffs–Appellants' motion for continuance as to the other set of Defendants, while denying the motion as to the Defendants–Appellees in this appeal. The other Defendants stipulated to the continuance.

