**Sindi WASSERMAN, Plaintiff—Appellant,**

v.

**CHINO VALLEY UNIFIED SCHOOL DISTRICT, a local educational agency; Frank Infusino, an individual; Michael Rossi, an individual; Art Hinojosa, an individual; Michael Maez, an individual, Defendants—Appellees.**

No. 06–56138.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2008.

Filed June 23, 2008.

Bennett M. Rolfe, Law Offices of Bennett M. Rolfe, Los Angeles, CA, for Plaintiff–Appellant.

Steven J. Renick, Mary M. Kocsis, Manning & Marder Kass Ellrod Ramirez LLP, Los Angeles, CA, for Defendants–Appellees.

Before: FISHER and PAEZ, Circuit Judges, and ROBART, District Judge.*

MEMORANDUM **

Sindi Wasserman ("Wasserman") appeals the district court's grant of summary judgment in favor of her employer, Chino Valley Unified School District ("the District"), and various school officials ("the individual defendants"). Wasserman also appeals the district court's refusal to grant her request for a pretrial continuance.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's refusal to extend dates in its pretrial order for abuse of discretion, *see Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1295 (9th Cir.2000), and review de novo its grant of summary judgment, *see Qwest Commc'ns Inc. v. City of Berkeley,* 433 F.3d 1253, 1256 (9th Cir.2006). We affirm the district court.

The district court did not abuse its discretion in denying Wasserman leave to amend the pretrial scheduling order, because Wasserman failed to demonstrate good cause to modify the order, as required by Federal Rule of Civil Procedure 16. *See Coleman,* 232 F.3d at 1294–95

---

* The Honorable James L. Robart United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir.1992)).

The district court did not err in granting summary judgment because Wasserman did not offer sufficient evidence of pretext. *Cf. Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220–22 (9th Cir.1998). Even assuming Wasserman established a prima facie case of employment retaliation, the district court correctly concluded that Wasserman failed to raise a triable issue of fact as to whether the District's proffered legitimate non-discriminatory reasons were pretextual. The District asserts that it took adverse employment actions against Wasserman because of numerous parental complaints and her arrest for child endangerment while on duty for the District. There is insufficient evidence in the record to support a jury finding that the adverse employment actions were taken because of Wasserman's advocacy efforts.

**AFFIRMED.**