FILED

APR 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONAL J. KISKILA and DONNA E. KISKILA, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant - Appellee. | No. 09-56959 <br><br> D.C. No. 3:08-cv-01032-JM-CAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted April 12, 2012
Pasadena, California

Before: B. FLETCHER, KLEINFELD, and M. SMITH, Circuit Judges.

Ronal J. Kiskila and Donna E. Kiskila appeal the district court's judgment

dismissing for lack of subject matter jurisdiction their Federal Tort Claims Act

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

("FTCA") action alleging medical malpractice and loss of consortium. We have jurisdiction under 28 U.S.C. § 1291. Subject matter jurisdiction determinations are subject to de novo review. Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009). The district court may weigh evidence to determine whether it has jurisdiction unless the question of jurisdiction depends on the resolution of factual issues going to the merits. Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). When the question of jurisdiction is intertwined with the merits, the trial court should employ the standard applicable to a motion for summary judgment. Id.

Even if we accept that jurisdiction is intertwined with the merits, the district court properly dismissed plaintiffs' action for lack of subject matter jurisdiction because Mr. Kiskila's primary physician, Dr. Osvaldo Lopez, was an independent contractor, not a federal employee under the FTCA, in that the government did not control Dr. Lopez's actions in "diagnosing and treating patients." Carrillo v. United States, 5 F.3d 1302, 1305 (9th Cir. 1993) (holding physician at government hospital was an independent contractor under the FTCA because the federal government did not control the physician's practice of medicine); see also United

States v. Sacramento Mun. Utility Dist., 652 F.2d 1341, 1343–44 (9th Cir. 1981) (holding that whether a contract is ambiguous is a question of law).

Assuming without deciding that equitable estoppel could be applied in these circumstances, the district court properly rejected plaintiffs' contentions regarding equitable estoppel because there was no evidence of "affirmative misrepresentation or affirmative concealment of a material fact by the government." Carrillo, 5 F.3d at 1306. Nor did the plaintiffs establish that they were ignorant of the facts. Plaintiffs were at the least on notice that the physician was employed by a contractor and not the hospital when Mrs. Kiskila obtained the physician's business card a few days after her husband's heart attack, and could have inquired further before limitations barred a claim against the physician or his employer.

Plaintiffs' argument that the district court ignored their allegations that other parties who treated Mr. Kiskila were federal employees is meritless, because plaintiffs testified that Dr. Lopez was their "primary and only doctor," and they have not identified any other parties who treated Mr. Kiskila. Nor did they seek to amend their complaint to add these allegations, or attempt to show good cause for their failure to do so. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609

3

(9th Cir.1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.").

AFFIRMED.