**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLENN S. MILLSAPS, a married man, | No. 11-15948 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00761-ROS |
| v. | |
| PINAL COUNTY SUPERIOR COURT, DEPARTMENT OF ADULT PROBATION, a division of the Supreme Court of the State of Arizona; PINAL COUNTY SHERIFF'S OFFICE, an Arizona law enforcement agency; COUNTY OF PINAL, a political subdivision of the State of Arizona, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Submitted October 16, 2012[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN, CALLAHAN, and HURWITZ, Circuit Judges.

Plaintiff-appellant Glenn S. Millsaps appeals the district court's order granting defendants-appellees' motions for summary judgment in his Title VII and 42 U.S.C. § 1981 race discrimination action against the Pinal County Superior Court, Department of Adult Probation ("Superior Court"); Pinal County ("the County"); and the Pinal County Sheriff's Office. Millsaps's claims stem from his March 20, 2006, termination as a probation officer with the Adult Probation Department in Pinal County, Arizona, and the August 2007 rejection of his subsequent application for the position of Detention Captain with Pinal County. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We employ the burden-shifting scheme set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether Millsaps's discrimination claim against the Superior Court can survive summary judgment. *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658 (9th Cir. 2002). Millsaps must first establish a prima facie case of racial discrimination; if he is successful, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for terminating Millsaps's employment. *Id.* If the Superior Court does so, Millsaps must demonstrate that the employer's articulated reason is a pretext for unlawful discrimination. *Id.* He could do this by "either

directly persuading [us] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* at 658–59 (internal quotations and citations omitted). Millsaps's evidence must be both specific and substantial to overcome any legitimate reasons offered by the Superior Court. *Id.* at 659.

Assuming, as the district court did, that Millsaps established his prima facie case, the employer here articulated a legitimate, non-discriminatory business reason for its decision to terminate Millsaps when it asserted that Millsaps's job performance was unsatisfactory. Millsaps failed to carry his burden of showing that this articulated reason is a pretext for discrimination. He submitted no specific and substantial evidence of pretext, and thus there is no genuine issue of material fact requiring a trial on Millsaps's claims against the Superior Court.

Employing the same burden-shifting scheme to analyze Millsaps's discrimination claim against the County for its subsequent failure to hire, we agree with the district court that Millsaps did not carry his burden of establishing even a prima facie case of racial discrimination. A prima facie case of discriminatory failure to hire requires a showing that: (1) Millsaps belongs to a protected class; (2) he was qualified for the position; (3) he was rejected despite his qualifications; and (4) the position remained open. *McDonnell Douglas Corp.*, 411 U.S. at 802. The

undisputed evidence in this case demonstrates that Millsaps was not qualified for the Detention Captain position and that the position did not remain open. Millsaps has not made out a prima facie case of discrimination under § 1981 and the district court was correct in granting summary judgment in favor of the County.

Finally, we hold that the district court did not abuse its discretion in denying a motion to amend the complaint filed by Millsaps six months after the deadline specified in the Scheduling Order. "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985). A deadline established in a Rule 16 scheduling order "may be modified only for good cause . . . ." Fed.R.Civ.P. 16(b)(4). This "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court's finding that Millsaps did not meet his burden of showing diligence such that a modification of the Scheduling Order was warranted was not an abuse of discretion.

**AFFIRMED.**