**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 09 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SABRINA ANDREWS, | No. 11-16343 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00624-RCJ-VPC |
| v. | MEMORANDUM[*] |
| HCR MANOR CARE MEDICAL SERVICES OF FLORIDA, LLC, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Submitted November 7, 2012[**]
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and DUFFY, District Judge.[***]

Plaintiff-Appellant Sabrina Andrews ("Andrews") appeals a judgment of

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Judge Robert C. Jones of the District of Nevada granting the motion to dismiss her amended complaint ("Complaint") for failure to state a tortious discharge claim. Andrews also appeals Judge Jones's denial of her request to amend the Complaint to add a claim under Nevada Revised Statute ("NRS") 449.207 for alleged violation of NRS 449.205. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We presume that Andrews was an at-will employee for the purposes of this appeal because she does not allege otherwise. The Nevada Supreme Court has repeatedly refused to recognize tortious discharge actions by at-will employees except in "those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." Wayment v. Holmes, 912 P.2d 816, 818 (Nev. 1996). Andrews's termination by Defendant-Appellee HCR Manor Care Medical Services of Florida, LLC for refusing to shower a sick patient does not implicate any strong public policy exception that the Nevada Supreme Court has recognized, and we decline to create one here.

Even if Andrews could prove that her dismissal violated Nevada's strong public policy, she is prevented from asserting a tortious discharge claim because of NRS 449.207.[1] The Nevada Supreme Court has been unwilling to create additional

_____

[1] NRS 449.207 provides nursing assistants and other medical facility personnel a cause of action if they have been retaliated or discriminated against in

2

"public policy tort liability" when a comprehensive statutory remedy is available. D'Angelo v. Gardner, 819 P.2d 206, 217-18 (Nev. 1991).

Andrews did not have good cause to request leave to amend the Complaint ten days after the deadline to do so had expired under the scheduling order. Federal Rule of Civil Procedure 16's "'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Andrews based her proposed statutory claim on the same facts as the tortious discharge claim, even though it was available as a cause of action at the time Andrews filed the Complaint. Such "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.

**AFFIRMED.**

---

violation of NRS 449.205. A successful claimant under NRS 449.207 may be entitled to compensatory damages, lost wages and benefits, attorney's fees and costs and punitive damages.