**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARCUS BENJAMIN WARD,

  Plaintiff - Appellant,

v.

SHERMAN CHAMPEN, N.P.; et al.,

  Defendants - Appellees.

No. 12-15084

D.C. No. 2:10-cv-01942-MCE-DAD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

California state prisoner Marcus Benjamin Ward appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment because Ward failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his shoulder pain.  *See id.* at 1057-58 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health and safety; neither negligence in diagnosing or treating a medical need, nor a prisoner's difference of opinion concerning the course of treatment, amounts to deliberate indifference).

The district court did not abuse its discretion in denying Ward's motion for a continuance of summary judgment because Ward failed to identify particular facts he hoped to discover to raise a genuine dispute of material fact.  *See Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 & n.1 (9th Cir. 1986) (setting forth standard of review and explaining that a party seeking to continue summary judgment has the burden of showing what facts he or she hopes to discover to raise a triable dispute).

The district court did not abuse its discretion in denying Ward's motion to extend discovery because Ward failed to show good cause to amend the scheduling order.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.

1992) (setting forth standard of review and explaining that a party seeking to amend a scheduling order must show good cause).

We reject Ward's contention that the district court erred in denying his motion to certify counsel.

**AFFIRMED.**