**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS PAUL DU MAURIER, | No. 11-56568 |
| Plaintiff - Appellant, | D.C. No. 8:10-cv-01855-SJO-JCG |
| v. | |
| CITY OF LAGUNA BEACH; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Douglas Paul Du Maurier appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging constitutional violations in

connection with his arrest for disturbing another person by loud and unreasonable

noise, in violation of Section 415(2) of the California Penal Code.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment. *Luchtel v. Hagemann*, 623 F.3d 975, 978 (9th Cir. 2010). We review for an abuse of discretion the denial of a request to modify a scheduling order and the denial of leave to amend. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment for officers Lee and MacDonald because Du Maurier failed to raise a genuine dispute of material fact as to whether the officers' use of force in arresting and handcuffing Du Maurier was reasonable. *See Graham v. Connor*, 490 U.S. 386, 395-97 (1989) (claims of excessive force during an arrest are analyzed under the Fourth Amendment's objective reasonableness standard); *Luchtel*, 623 F.3d at 980-83 & n.3 (granting summary judgment for officers where the plaintiff resisted handcuffing, and explaining that "the mere fact of consequent injury is not enough to establish excessive force").

The district court did not abuse its discretion by denying Du Maurier's motions to modify the scheduling order and amend his complaint because Du Maurier did not file the motions until after the expiration of the scheduling order deadline, and he failed to show good cause for the delay. *See* Fed. R. Civ. P. 16(b)(4) (requiring "good cause" in order to modify a deadline in a scheduling

order); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992) (the "good cause" standard of Rule 16 controls after a scheduling order establishes the pleading timetable, and the inquiry turns primarily on the moving party's diligence).

**AFFIRMED.**