FILED

NOT FOR PUBLICATION

MAR 11 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRYANT PENIGAR, through Faye Porter
Guardian Ad Litem,

Plaintiff - Appellant,

v.

COUNTY OF SAN BERNARDINO,

Defendant - Appellee.

No. 12-55857

D.C. No. 2:11-cv-06805-JFW-SP

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted March 6, 2014**
Pasadena, California

Before: PAEZ, N.R. SMITH, and HURWITZ, Circuit Judges.

Bryant Penigar appeals from a district court judgment dismissing with prejudice

his 42 U.S.C. § 1983 claims against various San Bernardino County Deputy Sheriffs

identified in his first amended complaint only as "Does," and granting summary

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

judgment to the County on his *Monell* claim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.    Under Federal Rule of Civil Procedure 16(b), Penigar was required to show good cause why he had not amended his complaint to name the actual deputies he sought to sue within the time limit established by the district court's scheduling order. The district court did not abuse its discretion in finding that Penigar had not met that burden, because Penigar failed to make any showing of good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992). Therefore, the district court properly dismissed his § 1983 claim against the unnamed deputies.

2.    Penigar claimed his civil rights were violated as a result of inadequate training and supervision policies of the San Bernardino Sheriff's Department on the use of tasers. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). In support of its motion for summary judgment, the County submitted evidence that its training and supervision policies were reasonable. Penigar did not offer any evidence to the contrary, nor did he designate an expert on the subject. Penigar also failed to ask the district court to extend the discovery deadline until after it had passed. Because Penigar failed to demonstrate the presence of an issue of genuine material fact for trial, summary judgment was appropriate.

**AFFIRMED**