**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIMAS O'CAMPO,

          Plaintiff - Appellant,

v.

BED BATH & BEYOND OF
CALIFORNIA, LLC,

          Defendant - Appellee.

No. 12-16483

D.C. No. 2:10-cv-01100-KJM-
CMK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted November 18, 2014
San Francisco, California

Before: BERZON and RAWLINSON, Circuit Judges and LYNN,[**] District Judge.

Appellant Dimas O'Campo ("O'Campo") appeals the district court's denial

of his Motion for Leave to File First Amended Complaint and the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for the Northern District of Texas, sitting by designation.

dismissal, with prejudice, of his Original Complaint.

On May 5, 2010, O'Campo sued Appellee Bed Bath & Beyond of California, LLC ("BBB") under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq., the Disabled Persons Act, Cal. Civil Code § 54 et. seq., the Unruh Civil Rights Act, Cal. Civil Code § 51 et. seq., and California Health and Safety Code § 19959, alleging that five designated barriers prevented him from enjoying full and equal access to BBB's Chico store. O'Campo's Original Complaint alleged that "O'Campo has severe brain damage, which affects his ability to walk, talk, see, and stand" and stated that O'Campo "requires the use of a cane when traveling in public." The Complaint did not state that O'Campo uses a wheelchair.

On September 14, 2010, the district court issued a Scheduling Order. It provided, among other things, that there would be "[n]o further joinder of parties or amendments to pleadings . . . without leave of court, good cause having been shown."

On February 24, 2012, at a hearing on motions for summary judgment, the district court expressed doubt that it had subject matter jurisdiction, noting that the five alleged barriers would present problems only for a person in a wheelchair.

The district court gave O'Campo permission to seek leave to amend the Complaint and Scheduling Order. On March 9, 2012, O'Campo moved to amend

his Complaint, but he made no effort to show good cause for the late effort to amend. The district court denied O'Campo's motion, explaining that O'Campo had "wholly failed to show . . . good cause," and stating that modifying the schedule at that stage of the litigation would be "unduly prejudicial to the defense and [would] create undue delay." The district court then dismissed O'Campo's suit, with prejudice, for lack of subject matter jurisdiction because the pending Complaint did not show a relationship between the alleged barriers and the nature of his disability as pleaded by O'Campo. O'Campo timely appealed.

The district court's denial of O'Campo's motion to amend is reviewed for an abuse of discretion. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). If, as here, a party seeks to amend after a deadline provided in a Scheduling Order, the party seeking leave must request the court to amend the Scheduling Order, and must demonstrate good cause to justify that request. Fed. R. Civ. P. 16(b)(4). *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Here, O'Campo made absolutely no effort to show good cause. It was therefore not an abuse of discretion for the district court to deny O'Campo's motion to amend.

The district court's sua sponte dismissal of O'Campo's Complaint for lack of standing is reviewed de novo. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007). To demonstrate Article III standing, a plaintiff must

plead (1) injury-in-fact, (2) causation, and (3) redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In this case, the only dispute is whether O'Campo sufficiently pleaded the injury-in-fact prong of standing, which turns on the "nature and source" of O'Campo's claim under the ADA. *Chapman v. Pier 1 Imports (U.S) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (en banc) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). An ADA plaintiff has suffered an injury-in-fact when he encounters "a barrier that deprives him of full and equal enjoyment of the facility *due to his particular disability*." *Id*. at 944 (emphasis added). The plaintiff must therefore show the "necessar[y] link[] to the nature of his disability" to properly plead standing. *Id.* at 947 n.4.

The district court properly concluded that the barriers O'Campo alleged would not interfere with the full and equal access of a mobility-impaired person who requires the use of a cane, rather than a wheelchair. Using as an example the fourth alleged barrier, incomplete insulation of the pipes under the lavatory[1], this condition would not impact a person who was standing up, because the legs of a standing person would not be underneath the lavatory while that person washed his hands. Even though the Court is to draw reasonable inferences in favor of O'Campo, the Court cannot reasonably infer that incomplete insulation covering the pipes beneath the lavatory would interfere with O'Campo's full and equal

---

[1] In context, this is a sink.

access to BBB's facilities when his alleged impairment required that he use a cane. This same analysis applies to all five alleged barriers. The Court may not imagine additional facts about O'Campo's disability that O'Campo did not allege. Accordingly, the district court properly concluded that O'Campo failed to sufficiently allege standing for his ADA claim. Thus, the district court properly dismissed the case.

**AFFIRMED.**