**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAX REED II, | No. 14-15323 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00066-HDM-WGC |
| v. | |
| AARON TRACY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted March 16, 2016
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Max Reed II appeals the district court's decisions denying leave to amend

his complaint, granting partial summary judgment to the defendants, and excluding

certain witnesses at trial.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and

we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.  The district court did not abuse its discretion in denying Reed leave to amend his complaint.  Reed sought to add new claims and join new defendants more than a year after expiration of the deadline to amend pleadings.  The district court reasonably concluded that Reed had not shown good cause for the lengthy delay in seeking leave to amend, and adding new defendants would prejudice the existing defendants and unduly delay the litigation.  *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–10 (9th Cir. 1992).

2.  The district court did not err in granting summary judgment for the defendants on Reed's access to courts claim.  Because Reed had notice that actual injury was an issue in his case, the district court did not run afoul of Federal Rule of Civil Procedure 56(f).  On the merits, Reed failed to "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded" in either his criminal, habeas, or civil case.  *Lewis v. Casey*, 518 U.S. 343, 353 (1996) (footnote omitted).  Moreover, because Reed's criminal conviction has not been reversed on direct appeal or otherwise invalidated, his claims related to his criminal case are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

3.  The district court did not abuse its discretion in excluding two witnesses whom Reed wished to call at trial.  The "district court is vested with 'broad discretion to make discovery and evidentiary rulings conducive to the conduct of a

2

fair and orderly trial,'" *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) (quoting *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980)), and it "may exclude testimony from witnesses not listed in the pretrial witness list," *Price v. Seydel*, 961 F.2d 1470, 1474 (9th Cir. 1992). Reed failed to file a pretrial order, and neither excluded witness was essential to his case: Anthony Thomas lacked personal knowledge of the retaliatory search at issue, and Peter Petzing's testimony would have been largely cumulative of the testimony and emails already in evidence. Thus, Reed was not prejudiced by the district court's decisions.

**AFFIRMED.**