FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITY OF POMONA, | No. 15-56062 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00167-RGK-VBK |
| v. | |
| SQM NORTH AMERICA CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 10, 2017
Pasadena, California

Before: WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

After a seven-day trial, a jury found SQM North America Corporation

(SQM) not liable for causing perchlorate contamination in the City of Pomona's

(Pomona's) water system. Pomona now appeals from that judgment. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the district court's

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

judgment and remand for a new trial. We address Pomona's main arguments in a concurrently filed opinion, *City of Pomona v. SQM North America Corporation*, __F.3d__ (9th Cir. 2017). We address two subsidiary issues raised by Pomona in this memorandum disposition.

Pomona first asserts that the district court erred by refusing to give a jury instruction on California's consumer expectation test. A district court's formulation of civil jury instructions is reviewed for an abuse of discretion. *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 941 (9th Cir. 2011). Second, Pomona argues that the district court erred by precluding testimony about the feasibility of an alternative fertilizer. We review evidentiary rulings for an abuse of discretion. *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014).

The district court did not abuse its discretion by precluding Pomona from relying on California's consumer expectation test. Under California law, there are two potential tests for proving a design defect—the consumer expectation test and the risk-benefit test.

> Whether a plaintiff may proceed under the consumer expectation test or whether design defect must be assessed solely under the risk-benefit test is dependent upon the particular facts in each case. Because in many situations . . . the consumer . . . would have *no idea* how

2

safe the product could be made, the consumer expectation test is reserved for cases in which the *everyday experience* of the product's users permits a conclusion that the product's design violated *minimum* safety assumptions and is thus defective *regardless of expert opinion about the merits of the design. . . .*

Some products cause injury in a way that does not engage its ordinary consumers' reasonable minimum assumptions about safe performance. For example, the ordinary consumer of an automobile simply has no idea how it should perform in all foreseeable situations, or how safe it should be made against all foreseeable hazards. In those cases, where the plaintiff's theory of defect seeks to examine the behavior of obscure components under complex circumstances outside the ordinary experience of the consumer, the consumer expectation test is inapplicable; and defect may only be proved by resort to the risk-benefit analysis.

*McCabe v. American Honda Motor Co., Inc.*, 100 Cal. App. 4th 1111, 1121–22 (2002) (internal citations and quotation marks omitted) (emphasis in original).

Here, the district court's conclusion, that the impact of commercial use of fertilizer more than fifty years ago was not part of the everyday experience of ordinary consumers, did not constitute an abuse of discretion. Based on the technical and scientific nature of the contamination at issue, and the "obscure components under complex circumstances," Pomona did not meet its burden of showing entitlement to a consumer expectation test instruction. *Id*. at 1122.

The district court did not abuse its discretion by precluding expert testimony

3

about the feasibility of an alternative fertilizer. Pomona was not diligent in designating an alternative design expert. Accordingly, there was not good cause to reopen discovery, permit designation of Pomona's proffered expert, and allow expert testimony on the subject. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

However, for the reasons stated in the concurrently filed opinion, the district court's judgement is **VACATED** and the case is **REMANDED** for a new trial.