NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON LAMBERTH, as father in his individual capacity and estate representative of H.L.; JENNIFER LAMBERTH, as mother in her individual capacity and estate representative of H.L.; J.L., brother of H.L., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CLARK COUNTY SCHOOL DISTRICT; PAT SKORKOWSKY, in his official capacity as CCSD Superintendent; ERIN A. CRANOR; LINDA E. YOUNG; PATRICE TEW; STAVAN CORBETT; CAROLYN EDWARDS; CHRIS GARVEY; DEANNA WRIGHT; ANDREA KATONA; RON KAMMAN; APRIL BARR; SABREENA ADAMS; KIM JEFFERSON; ANDRE LONG; CCSD BOARD OF TRUSTEES; THURMAN WHITE MIDDLE SCHOOL, <br><br> Defendants-Appellees. | No.  15-17546 <br><br> D.C. No. 2:14-cv-02044-APG-GWF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted September 15, 2017
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  GOULD, TALLMAN, and WATFORD, Circuit Judges.

In this tragic case, after seventh grader H.L. committed suicide, her parents Jason and Jennifer Lamberth and brother J.L. sued Clark County School District, Thurman White Middle School, and various school officials (collectively "CCSD") for allegedly failing to protect H.L. from the bullying that her family claims led her to take her life.  The district court dismissed the Lamberths' federal civil rights claims because they accused CCSD only of inaction, not affirmative misconduct.  A month later, after the deadline for amending the pleadings, the Lamberths moved to amend their complaint to allege new facts and add 27 new claims.  The district court denied this untimely motion.  The Lamberths appeal the district court's dismissal of their federal claims and subsequent denial of their motion to amend.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Lamberths' complaint alleges that school officials knew H.L. was regularly bullied in school, yet "fail[ed]" to properly report the bullying, "ignoring" the school district's policy and state law.  After being bullied for about three months, H.L. committed suicide.  She left behind a note requesting that someone tell her school about her suicide so that other students might not be bullied in the future.  We accept these factual allegations as true and construe the complaint in the light most favorable to the Lamberths.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

2

The Lamberths contend they adequately pled that CCSD engaged in affirmative conduct that placed H.L. in harm's way, satisfying the state-created danger exception to the general rule that a state is not liable for its omissions. *See Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971–72 (9th Cir. 2011). We disagree. By its terms, the original complaint accuses CCSD only of inaction—not wrongful affirmative conduct. The complaint does not allege that CCSD took any steps to expose H.L. to a danger she did not already face. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006). Nor do the Lamberths' attempts to portray CCSD's alleged omissions as intentional decisions turn these omissions into affirmative exercises of the state's power. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989). Our review on appeal of a motion to dismiss is limited to the operative complaint that was before the district court. *See Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). So we do not address the additional allegations found only in the Lamberths' proposed amended complaint.

The Lamberths also contend that the district court erred in denying their motion to amend the complaint. The Lamberths could not reserve the right to file a motion and have it deemed timely merely by including a single-sentence request for leave to amend at the end of their brief in opposition to the motion to dismiss. Instead, a request for leave to amend "must be made by motion" and must "state

with particularity the grounds for seeking" an order granting leave to amend. Fed. R. Civ. P. 7(b)(1). The Lamberths' first and only proper motion for leave to amend was filed after the dismissal of their complaint, months after the deadline to amend the pleadings that was set by the scheduling order.

Once the pleadings amendment deadline has passed, a moving party must satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard to change the scheduling order's deadlines before a court will consider on the merits whether Rule 15(a)'s liberal amendment standard has been satisfied. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Id.* at 609. Good cause will be shown if a scheduling order's deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citation omitted). "If that party was not diligent, the inquiry should end." *Id.*

The Lamberths' motion was made three and a half months after the cut-off date for amendment had expired. Yet the Lamberths waited two months after discovery opened before propounding any written discovery, giving themselves less than a month to receive responses and consider amending their complaint before the deadline. They also waited five months before taking their first deposition, nearly two months after this amendment deadline. The Lamberths do

4

not explain why they could not have sought discovery or have taken depositions earlier, or why they could not seek an extension of the amendment deadline until months after it had passed. The district court did not clearly err in finding no showing of good cause to change the scheduling order's amendment deadline, *see id.* at 610, and there was no abuse of discretion in denying the Lamberths' untimely motion to amend.

The Lamberths' arguments that they nevertheless have shown good cause for late amendment are unpersuasive. If the Lamberths wanted to conserve judicial resources because of the pending motion to dismiss, they could have amended as of right within 21 days of service of the motion. *See* Fed. R. Civ. P. 15(a)(1)(B). Instead, by waiting, the Lamberths risked that their case would be dismissed and that they would lose the opportunity to amend. Moreover, the scheduling order's statement that the amendment deadline "may" be altered by the district court does not help the Lamberths because the court declined to exercise its power to do that here based on this untimely request.

For these reasons, we affirm the district court's dismissal of the Lamberths' federal claims and its subsequent denial of their motion to amend. Costs are awarded to the Appellees.

**AFFIRMED.**

5