NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL J. SLATER, | No. 18-56601 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01795-CAB (MSB) |
| and | |
| CLIFFORD BORO; et al., | MEMORANDUM* |
| Plaintiffs | |
| v. | |
| LAURA MORTON, ET AL., | |
| Defendants-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cathy A. Bencivengo, District Judge, Presiding

Submitted March 4, 2020**
Pasadena, California

Before: KLEINFELD and NGUYEN, Circuit Judges, and PAULEY,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William H. Pauley III, United States District Judge for
the Southern District of New York, sitting by designation.

Michael J. Slater appeals the district court's orders: (1) granting summary judgment for Laura Morton and Laura Morton Management, Inc. (together, "Morton"); (2) denying Slater's motion for leave to amend the complaint; and (3) staying discovery. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      We review *de novo* the district court's grant of summary judgment and dismissal of this action for mootness. *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 861 (9th Cir. 2017).

Slater appeals the district court's grant of summary judgment dismissing: (1) a claim for declaratory judgment that he has a valid and enforceable agreement with Morton, and (2) a $20,000 claim for money had and received that Slater never tendered. Neither claim is justiciable.

First, the declaratory judgment claim is moot because Morton voluntarily dismissed her counterclaims for breach of contract with prejudice and executed a broad covenant not to sue Slater. A declaratory judgment would be akin to an advisory opinion because no substantial controversy exists between the parties. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs'

2

particular legal rights." (internal quotation marks omitted)).

Second, Slater cannot state a claim for money had and received. "A cause of action for money had and received is stated if it is alleged the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff." *Farmers Ins. Exch. v. Zerin*, 61 Cal. Rptr. 2d 707, 715 (Cal. Ct. App. 1997) (internal quotation marks omitted). The district court properly concluded that Slater lacked standing to assert this claim because he never alleged that Morton was indebted to him and he did not seek the return of any money. Accordingly, we find the district court did not err in granting summary judgment on both claims.

2. "The trial court's denial of leave to amend a complaint is reviewed for an abuse of discretion." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Slater's request for leave to amend was untimely under the magistrate judge's case management order. Thus, Slater was only allowed to modify this schedule for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

We see no reason to upset the district court's findings. If Slater provided payments to Morton, he could have amended the complaint prior to the deadline to reflect his involvement. Or if, as Slater argues, he only subsequently learned that Boro and Watt made payments to Morton through their associated entities—

3

Catalyze Venture Partners LLC and the Team Group LLC—Slater could have moved to amend the complaint to add himself (or his company, Entry Ventures, Inc.) as the payor. As noted by the district court, Slater's proposed amendments would obscure the source of the payments instead of bolstering his argument for standing.

Moreover, the district court found that granting the request to amend the complaint would have materially prejudiced Boro, Watt, and Morton who had already settled their claims. While a finding of prejudice is not required under Rule 16(b), it supplies an additional reason for denying the motion. *See Johnson*, 975 F.2d at 609. Therefore, the district court did not abuse its discretion in denying Slater's motion for leave to amend the complaint.

3. The district court's rulings on discovery are reviewed for abuse of discretion. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The district court did not abuse its discretion in staying discovery during the pendency of the summary judgment motion and in rejecting Slater's request for further discovery. As the district court noted, the discovery Slater sought would not have aided his opposition to summary judgment. *See id.* (finding that the district court did not abuse its discretion by staying discovery when that discovery could not have affected summary judgment); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (noting that the district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and

4

substantial prejudice to the complaining litigant" (internal quotation marks omitted)). Accordingly, we affirm the district court's rulings.

**AFFIRMED.**