

FILED

**NOT FOR PUBLICATION**

MAY 4 2020

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CYNTHIA RIVERA-MARTINEZ;
ARTURO MARTINEZ,

          Plaintiffs-Appellants,

v.

KERN COUNTY; KERN COUNTY
DEPARTMENT OF HUMAN
SERVICES; STEPHANIE MEEK, Social
Worker; individually,

          Defendants-Appellees,

 and

PHILIP HYDEN, M.D.,

          Defendant.

No.   19-15008

D.C. No. 1:16-cv-00062-SEH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sam E. Haddon, District Judge, Presiding

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 16, 2020[]
Pasadena, California

Before: SCHROEDER and COLLINS, Circuit Judges, and BAYLSON,[***] District Judge.

Plaintiff-Appellants Cynthia Rivera-Martinez and Arturo Martinez appeal the district court's dismissal of their 42 U.S.C. § 1983 action. Plaintiffs alleged that Defendant-Appellees Kern County, Kern County Department of Human Services, and Social Worker Stephanie Meek violated their constitutional rights when they temporarily took custody of Appellants' five-week-old son while investigating whether permanent custody was appropriate. In particular, Plaintiffs alleged that Meek falsely omitted information from her "Social Study – Detentional" report, which Meek filed with the superior court in connection with its review of the county's temporary custody of Plaintiffs' son. The district court dismissed the action, holding that as a matter of law Meek was entitled to absolute

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

immunity or, alternatively, qualified immunity.[1] We affirm the district court judgment, but only on the ground of qualified immunity.

The district court erred in applying absolute immunity to all of the conduct alleged in Plaintiffs' operative complaint. We have followed the Supreme Court in distinguishing between the quasi-prosecutorial task of filing charging documents (which is entitled to absolute immunity) and the separate but related task of providing factual evidence in support of the allegations made (which is not). *See, e.g.*, *Kalina v. Fletcher*, 522 U.S. 118, 129–30 (1997) (prosecutor's attestation to underlying facts in support of arrest warrant involved performing "an act that any competent witness might have performed"); *Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1116 (9th Cir. 2017) (absolute immunity did not apply to, *inter alia*, defendant social workers' "allegedly false statements and omissions made in defendants' court reports" during juvenile dependency proceedings). Under *Hardwick*, at least some of the claims against Meek were not subject to absolute immunity.

---

[1] The district court's order is not entirely clear as to the basis on which the claims against the county and its agency were dismissed. Plaintiffs, however, do not contend on appeal that their claims against those defendants can survive if their claims against Meeks fail, and we deem any such argument to have been waived. *Loomis v. Cornish*, 836 F.3d 991, 998 n.3 (9th Cir. 2016).

We nonetheless affirm the district court's alternative conclusion that Meek was entitled to qualified immunity. Construing the evidence in the light most favorable to Plaintiffs, we conclude that Meek did not violate Plaintiffs' clearly established rights. *See District of Colombia v. Wesby*, 138 S. Ct. 577, 589 (2018). "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014). Plaintiffs have the burden to show that "the right allegedly violated was clearly established at the time of the alleged misconduct." *Martinez v. City of Clovis*, 943 F.3d 1260, 1275 (9th Cir. 2019) (citations and internal quotation marks omitted). Here, Plaintiffs' theory is not "that Meek *fabricated* evidence," but rather that she failed to present obviously relevant evidence to the court and otherwise "fail[ed] to seek the evidence that would have revealed the truth of what happened to [Plaintiffs'] baby." Even granting that Meek's investigation was deficient and that she failed to present additional evidence that might have supported a different conclusion in the dependency proceedings, we cannot say that the nature of the deficiencies were such that it would have been apparent to every reasonable official in Meek's shoes

4

that she was thereby violating Plaintiffs' constitutional rights. *See Plumhoff*, 572 U.S. 765, 778–79. Meek was therefore entitled to qualified immunity.

The district court did not abuse its discretion in denying, for failure to show good cause, Plaintiffs' motion to file a second amended complaint. After the pretrial scheduling order deadline to amend a complaint expires, a complaint "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (explaining that when a movant seeks to amend his or her complaint after the pretrial scheduling order deadline expires, Rule 16's good cause standard applies, rather than the more generous Rule 15 amendment standard). Plaintiffs' proposed second amended complaint alleges, for the first time, constitutional violations against the Delano Police Department and Officer Gay. Although Plaintiffs did not know of Officer Gay's personal involvement prior to the expiration of the deadline to amend the complaint, Plaintiffs knew of the Delano Police Department's involvement prior to filing their initial complaint, and knew well before the deadline to file an amended complaint expired that the Delano police acted without a warrant. Plaintiffs did not file an initial action against the Delano Police Department and did not amend their complaint prior to the deadline expiring, and they make no good cause showing for failing to do so.

5

*See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)

(explaining that good cause standard is not met when the moving party does not act

with diligence).

**AFFIRMED.**