**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANNY FABRICANT,

  Plaintiff-Appellant,

 v.

UNITED STATES OF AMERICA,

  Defendant-Appellee,

 and

LOUIS WINN, Former Warden; et al.,

  Defendants.

No. 18-17453

D.C. No. 4:14-cv-02008-JAS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted June 2, 2020[**]

Before:  LEAVY, PAEZ, and BENNETT, Circuit Judges.

  Federal prisoner Danny Fabricant appeals pro se from the district court's

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment in his Federal Tort Claims Act ("FTCA") action alleging due process and retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

As a preliminary matter, Fabricant has waived any challenge to the substance of the district court's summary judgment because he did not raise them in his opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e review only issues which are argued specifically and distinctly in a party's opening brief." (citation and internal quotation marks omitted)); *Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The district court properly dismissed Counts I through V of Fabricant's second amended complaint, because Fabricant failed to allege facts sufficient to state a plausible claim for relief. *See Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (a prisoner has no protected liberty interest when the sanction imposed neither extends the length of his sentence nor imposes an "atypical and significant hardship"); *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (a prison official is deliberately indifferent only if he or she knows of and disregards a substantial risk of serious harm to an inmate's health or safety); *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (elements of a retaliation claim in the prison context); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th

Cir. 2000) (standard of review).

The district court did not abuse its discretion by denying Fabricant's fourth motion to extend time to oppose summary judgment because Fabricant failed to establish good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609 (9th Cir. 1992) (setting forth standard of review and required showing for good cause).

The district court did not abuse its discretion by denying Fabricant's request to file an oversized first amended complaint because Fabricant failed to comply with the local rules. *See* D. Ariz. Loc. R. 3.4; *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review and explaining that this court gives "[b]road deference" to district court's interpretation of its local rules).

The district court did not abuse its discretion by denying Fabricant's motion to propound additional requests for admission because Fabricant failed to establish prejudice. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that district court's denial of discovery will not be disturbed except upon a clear showing of "actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Fabricant's request for judicial notice. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d

18-17453

668, 689 (9th Cir. 2001) (standard of review).

The district court did not abuse its discretion by denying Fabricant's various other requests. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (stating that "district courts have inherent power to control their dockets" and this court "will reverse a district court's litigation management decisions only if it abused its discretion" (citation and internal quotation marks omitted)).

Fabricant's requests to file a third amended complaint and for costs, set forth in the opening brief, are denied.

**AFFIRMED.**