**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOM GONZALES, | No. 20-15027 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-08205-GMS |
| v. | |
| LAKE HAVASU CITY, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| KRISTIN ELIZABETH RIENFELD, in her official capacity as Assistant City Prosecutor and in her individual capacity, wife; ROBERT ROSS RIENFELD, husband | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted December 8, 2020[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,*** District Judge.

Plaintiff Tom Gonzales appeals from the district court's summary judgment of his claims against the City of Lake Havasu ("the City"). Gonzales asserts a *Monell* claim under 42 U.S.C. § 1983 for violations of his Fifth, Sixth, and Fourteenth Amendment rights, malicious prosecution under § 1983, abuse of process under § 1983, and state law claims for malicious prosecution and abuse of process. On appeal, Gonzales argues that the district court erred in: (1) finding that the City's late disclosure of City Attorney Kelly Garry as a witness was harmless; (2) denying Gonzales's request to amend the complaint after the deadline for permissive amendment; (3) granting summary judgment in favor of the City on his § 1983 claims; and (4) granting summary judgment in favor of the City on his state law claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Gonzales argues that the City's disclosure of Kelly Garry's declaration was untimely and was neither justified nor harmless. We review evidentiary rulings for abuse of discretion. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1065 (9th Cir. 2017). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or

***      The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

2

witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The City did not disclose Garry as a fact witness until its Tenth Supplemental Mandatory Discovery Response on Friday, July 12, 2019, three days before the close of discovery. Gonzales contends that Garry's disclosure was untimely and that she should have been disclosed in the City's first disclosure, on December 20, 2017.

The district court did not abuse its discretion in finding that the City's disclosure, if late, was harmless. As the district court found, Gonzales had "sufficient pre-disclosure such that the final supplemental disclosure was not unfair" and that Gonzales "was put on notice long before the close of discovery that Ms. Garry may have discoverable information." Because there was substantial evidence to support the district court's conclusion that the disclosure of Garry as a witness was harmless, we cannot conclude that it abused its discretion in refusing to exclude her declaration. *See Snow v. Standard Ins. Co.*, 87 F.3d 327, 331–32 (9th Cir. 1996), *overruled on other grounds by Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir. 1999) (en banc).

2. Gonzales also asserts that the district court abused its discretion in denying him leave to amend his First Amended Complaint to assert a Fourth Amendment § 1983 claim. We disagree. "The district court's denial of leave to amend the complaint is reviewed for an abuse of

discretion." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Federal Rule of Civil Procedure 15(a) governs amendment of the pleadings prior to the court's filing of a pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). After entry of the scheduling order, a party may seek leave to amend the pleadings only if they first satisfy the "good cause standard" of Rule 16(b)(4). *See id.*, 975 F.2d at 608; *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Because Gonzales sought leave to amend the complaint well after the deadline in the court's scheduling order, he was required to satisfy Rule 16's good cause standard. *See Mammoth Recreations*, 975 F.2d at 607–08. Gonzales made no effort to do so. The district court thus did not abuse its discretion in denying Gonzales's motion to amend. *See id.* at 607 ("The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion.") (citation and internal quotation marks omitted).

3.      Gonzales next argues that the district court erred in granting summary judgment in favor of the City on his § 1983 *Monell* claims. We review a district court's grant of summary judgment de novo, "examining all evidence in the light most favorable to the non-moving party." *Badgley v. United States*, 957 F.3d 969,

4

974 (9th Cir. 2020). "Section 1983 provides a cause of action against any 'person' who, under color of law, deprives any other person of rights, privileges, or immunities secured by the Constitution or laws of the United States. The term 'person' includes municipalities." *Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 983 (9th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents," *Monell*, 436 U.S. at 694, but "can be found liable under § 1983 only where the local municipality *itself* causes the constitutional violation at issue," *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694–95). A municipality is liable where the violation results from a city employee: (1) "acting pursuant to an expressly adopted official policy"; (2) "acting pursuant to a longstanding practice or custom"; or (3) acting as a "final policymaker." *Lytle v. Carl*, 382 F.3d 978, 982–83 (9th Cir. 2004) (citation omitted). Gonzales does not allege that a City employee was acting pursuant to an express official policy or a longstanding practice or custom. Rather, Gonzales alleges liability based on Charles Yager, the City Prosecutor, acting as a final policymaker and ratifying Gonzales's purportedly improper prosecution by Assistant City Prosecutor Kristin Rienfeld.

We do not find Gonzales's argument persuasive. Even though Yager was Rienfeld's supervisor, Yager was not a final policymaker for purposes of *Monell*

5

liability. Where an official's decision is "constrained by policies not of that official's making" and where the official's decision is "subject to review by the municipality's authorized policymakers" the official is not a *final* policymaker for purposes of *Monell* liability. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (citation omitted). Charles Yager's purported policymaking authority was so constrained by his supervisor, City Attorney Garry, who retained "ultimate authority to implement policy" and the ability to reverse Yager's decisions as the City Prosecutor. Gonzales makes no argument that Garry's conduct makes the City liable under *Monell*.

4. Finally, Gonzales contends that the district court erred in granting summary judgment in favor of the City on his state law claims. We review de novo and examine all evidence in the light most favorable to Gonzales. *Badgley*, 957 F.3d at 974.

Citing § 1983, Gonzales argues that the actions of Yager and Rienfeld "are the actions of Lake Havasu City because they are both duly appointed officers" of the City. But Gonzales's argument conflates his § 1983 *Monell* claim with his state law claims for malicious prosecution and abuse of process. Under Arizona law, "when the master's liability is based *solely* on the negligence of his servant, a judgment in favor of the servant is a judgment in favor of the master." *Ford v. Revlon, Inc.*, 734 P.2d 580, 584 (Ariz. 1987) (emphasis added). Gonzales does not dispute that Rienfeld was dismissed from this action in 2018, and acknowledges that

6

Rienfeld and Yager enjoy absolute immunity as prosecutors, Gonzales presents no evidence or authority that the City could be held liable independently for the state law claims here. The district court thus did not err in concluding that no reasonable juror could return a verdict in Gonzales's favor with respect to his state law claims.

**AFFIRMED.**