**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRAIG ROSS; NATALIE OPERSTEIN,

Plaintiffs-Appellants,

v.

P. TIMOTHY WHITE; EDMUND G. BROWN, Jr.; GAVIN NEWSOM; ANTHONY RENDON; TOM TORLAKSON; LOU MONVILLE; REBECCA D. EISEN; FRAMROZE M. VIRJEE; STEVE RELYEA; SILAS ABREGO; JANE W. CARNEY; ADAM DAY; DOUGLAS FAIGIN; DEBRA S. FARAR; JEAN P. FIRSTENBERG; LILLIAN KIMBELL; THELMA MELENDEZ DE SANTA ANA; HUGO N. MORALES; JOHN NILON; J. LAWRENCE NORTON; LATEEFAH SIMON; STEVEN STEPANEK; PETER J. TAYLOR; LUPE C. GARCIA; MILDRED GARCIA; JOSE LUIS CRUZ; ANGELA DELLA VOLPE; LORI S GENTLES; JOHN H. BEISNER; JAMES A. BUSALACCHI, Jr.; BARRY PASTERNACK; PHILIP LEE; MONIQUE SHAY; KIM NORMAN; SHERYL FONTAINE; ROBERT A. KOCH; EMILY BONNEY; LANA DALLEY; STEPHEN MEXAL; FRANZ MUELLER; PATRICIA SCHNEIDER-ZIOGA; KRISTI KANEL;

No. 19-55900

D.C. No. 2:17-cv-04149-ODW-JC

MEMORANDUM[*]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

OFIR TUREL; JACQUELINE FROST; JILL ROSENBAUM; JUAN CARLOS GALLEGO; SHAHIN GHAZANSHAHI; JOHN B. KOEGEL; MICHAEL LOVERUDE; JUDY KING; COLLEEN MARIE REGAN; ROBIN GRABOYES; ELISABETH ANN FRATER; KAMALA D. HARRIS; XAVIER BECERRA; ROSA VIRAMONTES; UNKNOWN EEOC DOES OFFICIALS; UNKNOWN CENTRAL DISTRICT COURT DOES OFFICIALS; UNKNOWN COURT OF APPEALS FOR THE NINTH CIRCUIT DOES OFFICIALS; UNKNOWN SANTA MONICA SUPERIOR COURT DOES OFFICIALS; UNKNOWN CSU DOES OFFICIALS; UNKNOWN CITY UNIVERSITY OF NEW YORK DOES OFFICIALS; ANITA DENISE RAMOS; DOES, 1 -100,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted February 15, 2022[**]

Before:  FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Craig Ross and Natalie Operstein appeal pro se from the district court's judgment in their 42 U.S.C. § 1983 action alleging various claims. We have

---

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2                                                                    19-55900

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on plaintiffs' Fourteenth Amendment due process claim because plaintiffs failed to raise a genuine dispute of material fact as to whether they had a protected property interest in a tenured position at California State University Fullerton. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972) (to have a protected property interest under the Fourteenth Amendment a person must "have a legitimate claim of entitlement to it"); *see also* Cal. Code Regs. tit. 5, § 42700(q), (s). Because plaintiffs failed to raise a triable dispute as to whether they had a protected property interest, the district court also properly denied injunctive relief. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (to satisfy the injury-in-fact requirement, a plaintiff must show that he "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical" (citation and internal quotation marks omitted)).

The district court properly dismissed plaintiffs' claims against defendants Becerra, Frater, and Graboyes because plaintiffs failed to allege facts sufficient to show that these defendants' litigation conduct was objectively baseless or deprived the litigation of its legitimacy. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (describing the *Noerr-Pennington* doctrine).

3                                                                19-55900

The district court properly dismissed plaintiffs' claims against defendants Viramontes and Ramos because plaintiffs failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim).

The district court properly dismissed plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 because plaintiffs failed to allege facts sufficient to show that any defendant acted as part of a conspiracy. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (to state a valid § 1985 claim, "[a] mere allegation of conspiracy without factual specificity is insufficient[;]" a § 1986 claim requires a valid § 1985 claim).

The district court did not abuse its discretion by dismissing plaintiffs' claims without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying plaintiffs' motion to extend the scheduling order's deadline to complete discovery because plaintiffs did not show good cause for the extension. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-10 (9th Cir. 1992) (holding that

4                                                                          19-55900

modification of a pretrial scheduling order requires a showing of good cause).

The district court did not abuse its discretion by denying plaintiffs' motion to recuse District Judge Wright because plaintiffs failed to demonstrate that a reasonable person would believe that Judge Wright's impartiality could be questioned. *See United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (setting forth standard of review and discussing standard for recusal under 28 U.S.C. §§ 144 and 455).

The district court did not abuse its discretion by awarding costs to defendants under Federal Rule of Civil Procedure 54(d)(1). *See Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) ("We have interpreted Rule 54(d)(1) as creating a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." (citation and internal quotation marks omitted)).

Plaintiffs' motion to take judicial notice (Docket Entry No. 66) is denied.

**AFFIRMED.**